[No. 10,021.]

## THE PEOPLE *v.* JAMES F. WOODWARD.

ATTEMPTING TO COMMIT A RAPE.— A person who stands by, when an attempt is make by others to commit a rape, but who does no act to aid, assist, or abet its commission, is not guilty of an attempt to commit a rape.

APPEAL from the County Court of Shasta County.

The facts are stated in the opinion.

*Charles A. Garter*, for Appellant.

*The Attorney General* (represented by *G. A. Blanchard*), for Respondent.

By the COURT:

The defendant was convicted of the crime of an attempt to commit rape on the person of a child under the age of ten years; and has appealed from the judgment and from an order denying his motion for a new trial. There was testimony tending to prove that several boys, one of whom was over the age of fourteen and the others under that age, attempted to commit rape on the person of the child, and the defendant, who is of the age of seventeen years, stood by and aided and encouraged the other boys in the accomplishment of their purpose. On the other hand, the defendant, who testified as a witness in his own behalf, though

admitting that he was present, denied that he in any wise aided or encouraged the other boys in their unlawful design. The counsel for the defense asked the Court to charge the jury as follows:

" If you are satisfied from the evidence that the defendant stood by at the time the offense is alleged to have been committed, but did no act to aid, assist, or abet the same, you should find the defendant not guilty."

The Court refused to give the charge, and this ruling is assigned as error. We think the charge was improperly refused. If the defendant " did no act to aid, assist, or abet " the perpetration of the crime, he is guilty of no violation of law from the mere fact that he was present. His presence, if unexplained, would be a circumstance tending to show his complicity in the transaction. But it was for the jury to decide from all the facts proved, whether he aided, assisted, or abetted the perpetration of the offense; and if they were satisfied that though present, he did not in fact aid, assist, or abet the perpetrators, it would have been their duty to acquit him. The defendant was entitled to have the jury instructed to that effect.

Judgment reversed and cause remanded for a new trial. Remittitur to issue forthwith.