[Crim. No. 1287. First Appellate District, Division Two.—December 17, 1925.]

## THE PEOPLE, Respondent, v. THOMAS SCANLON, Appellant.

[1] CRIMINAL LAW — ATTEMPT TO COMMIT GRAND LARCENY — PRINCIPALS—AIDING AND ABETTING — INSTRUCTIONS — EVIDENCE — VERDICT.—In a prosecution upon an information charging the defendant and another with an attempt to commit grand larceny, where the evidence shows that defendant actually took part in the commission of the crime, not as an accessory, but as a participant, and the defendant denies that he was present or that he witnessed the commission of the crime or that his codefendant was a party to the crime, there was no issue which required the giving of defendant's requested instructions relating to aiding and abetting, and the refusal of the trial court to give them was not prejudicial under section 4½' of article VI of the constitution where the defendant was fairly tried and fairly convicted.

(1) 17 C. J., p. 368, n. 5.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. J. J. Trabucco, Judge Presiding. Affirmed.

The facts are stated in the opinion of the court.

J. F. Resleure for Appellant.

U. S. Webb, Attorney-General, and Wm. F. Cleary, Deputy Attorney-General, for Respondent.

NOURSE, J.—The defendant and one Castro were tried jointly on an information charging them with an attempt to commit grand larceny. Both were convicted and Scanlon has appealed from the judgment and from the order denying his motion for a new trial. The record is prepared under section 953a of the Code of Civil Procedure.

The two defendants were seen by two police officers on Mission Street at about 8:15 P. M., acting in a suspicious manner; and were followed by the officers as they walked along the north side of Mission Street, going east. The defendants passed one Donnelly, who was lying on the sidewalk badly under the influence of liquor; they continued easterly for about fifty feet, then turned back and while the defendant Scanlon held Donnelly in an upright position Castro went through his pockets. The defendants then left Donnelly where they found him and walked directly across the street, where the police officers placed them under arrest. The officers searched both defendants and found $2.50 in the pockets of Castro.

Upon the trial the defendant Castro did not take the stand, but the defendant Scanlon testified that he was not on the north side of Mission Street on the night in question; that he did not see Donnelly until after the arrest; that he did not take any money from Donnelly and did not see Castro take any; that he was merely engaged in a friendly conversation with Castro, whom he had just met at the time, when he was struck on the head by one of the arresting officers.

The only point raised on the appeal is that the trial court erred in refusing to give two instructions asked by defendant Scanlon and which read: "If you are satisfied from the evidence that the defendant, Thomas Scanlon, stood by at the time the offense is alleged to have been committed, but did no act to aid, assist, or abet the same, you should find the defendant, Thomas Scanlon not guilty," and "Unless

you are satisfied, beyond a reasonable doubt, that defendant, Thomas Scanlon, did some act to aid, assist or abet the offense alleged to have been committed, you should find the defendant, Thomas Scanlon, not guilty, notwithstanding he was present at the time the offense was alleged to have been committed."

The appellant relies on *People* v. *Woodward*, 45 Cal. 293 [13 Am. Rep. 176], where the supreme court held that it was error to have refused to give an instruction similar to the one first above quoted. There is a marked distinction between the facts of this case and those in *People* v. *Woodward*. In the case cited the evidence was that Woodward stood by while some small boys attempted to commit the assault with which they were all charged. There was no evidence that Woodward took any part in or "aided or abetted" the commission of the crime. Here the evidence of the prosecution is that appellant actually took part in the commission of the crime—not as an accessory, but as a participant. In answer to this the appellant did not, as did Woodward in the case cited, admit that he was present and merely witnessed the commission of the crime by the other defendants, but he denied that he was present; that he witnessed the commission of the crime; and that his codefendant was a party to the crime.

[1] There was, therefore, no issue in the trial which required either of the requested instructions on aiding and abetting, and the refusal to give them was not prejudicial. For this reason section 4½ of article VI of the state constitution, which was adopted subsequent to the Woodward decision, compels an affirmance, as we are satisfied, upon an examination of the entire record, that the appellant was fairly tried and fairly convicted.

Judgment and order affirmed.

Sturtevant, J., and Langdon, P. J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on January 15, 1926.