[Crim. No. 3105.  In Bank.—July 19, 1928.]

THE PEOPLE, Respondent, v. A. KIRSCH, Appellant.

Paul W. Schenck and Clifford K. Fitzgerald for Appellant.

U. S. Webb, Attorney-General, and John L. Flynn, Deputy Attorney-General, for Respondent.

SHENK, J.—This is an appeal from a judgment of conviction and from an order denying a motion for a new trial. In January, 1927, the defendant was indicted on twelve counts, four for grand larceny, four for obtaining property by false pretenses and four for embezzlement. Four transactions only were involved, each one of the four being pleaded three ways and charging a different offense. The trial court sustained a demurrer to the four false pretense counts and proceeded to trial on the remaining counts. The defendant was found guilty of grand larceny as charged in count IV, and of petit larceny under the charge contained in count X. The remaining six counts were eliminated by verdicts of not guilty thereon.

The Pacific Telephone and Telegraph Company operates an exchange in the city of San Diego. By contract entered into in January, 1924, with the Western Electric Company, the latter company agreed to act as agent for the Telephone Company in the purchase of supplies and equipment; also to receive and dispose of apparatus or supplies returned to it by the Telephone Company, including material which had no value except as junk. The Electric Company agreed to dispose of this junk material at the best possible advantage and, after deducting a charge for its services, credit the Telephone Company with the net amount received from the sale.

In July, 1926, the Western Electric Company entered into a contract with the Sugarman Iron & Metal Company to sell to the latter scrap or junk material that might accumulate during the period from July 1, 1926, to June 30, 1927, the sales to take place at different localities, including the regular yard and warehouse of the Telephone Company at San Diego. This contract provided that the weight, count, and classification of the material delivered to the purchaser should be made by the seller. The Sugarman company as-

signed its interest in said contract to the Amalgamated Metals Corporation, of which the defendant was an officer and employee. Under the supervision of the defendant, his company did the first hauling of material from the San Diego yard of the Telephone Company. This work was performed from September 27 to November 17, 1926. The transactions of the defendant in connection with the hauling on November 10, 1926, form the basis of the charge and conviction of grand larceny under count IV of the indictment. The evidence showed that on that day an Orndorff truck, driven by one Hammack, went to the yard of the Telephone Company at San Diego under the orders of the defendant; that the defendant was at the yard on the arrival of the truck and instructed the truck driver as to what material to load; that a very heavy load of lead-covered cable was thereupon placed on the truck; that the truck then proceeded to the public weighmaster's scales and was weighed by Deputy Weighmaster Matthews; that the defendant was present at the time of the weighing of the truck; that thereupon the truck went to the railroad track where about one-third of the load was unloaded into a box-car; that the defendant then instructed the driver to return to the scales and reweigh the load; that after the reweighing, the balance of the material was unloaded into the box-car; that the certificate covering the second weighing of this load showed approximately ten thousand pounds less than the original weighing; that the second weight certificate was used by the defendant in reporting the weight of the load and the seller was never advised of the first weight, nor was any accounting made to it of the difference in weight.

In regard to the transaction in which the defendant was convicted of petit larceny, it appeared that certain junk material was loaded on the truck and, by order of the defendant, the truck went direct to the box-car, where a portion of the load was unloaded into the box-car before any weighing had taken place; that the defendant then ordered the truck to the scale and weighed; that no accounting was made to the seller of the portion of the material removed from the truck before the weighing had taken place.

It is first contended by the defendant that the crime of larceny was not, and could not have been, committed under the facts shown. It is conceded that there was no

trespass necessary to constitute common-law larceny, but unquestionably there was sufficient evidence to show larceny by trick and device. There was evidence from which the jury might properly infer that the defendant so ingratiated himself with the employees of the Telephone Company that they permitted the defendant himself to do or supervise the weighing instead of having the same done by the seller as the contract plainly provided, and that the conduct of the defendant in this respect was with the felonious design to place himself in such a position with reference to the weighing of the property as to enable him to deceive the seller as to the true weights and thus cheat and defraud the seller out of its property. That this element of the crime of larceny by trick and device was present can admit of no reasonable doubt. Where the possession of property was obtained by fraud or trickery the wrongdoer holds the property without right and without the consent of the owner and title remained in the owner. (*People* v. *Hennessey,* 201 Cal. 568 [258 Pac. 49] ; *People* v. *Edwards,* 72 Cal. App. 102 [236 Pac. 944].)

The defendant further contends that there was a fatal variance as to the ownership of the property. The indictment alleged ownership in the Telephone Company, whereas it is claimed that the proof showed ownership to be in the Electric Company. The evidence is subject to the construction that the Electric Company was merely a purchasing agent or supply department of the Telephone Company with right to pass the title of the junk material upon a sale in accordance with the terms of the contract between the two companies. Such a sale of the property in question had not been consummated. Furthermore, the possession of the property immediately before it was loaded into the trucks on orders from the defendant was in the Telephone Company. Possession alone, as against the wrongdoer, is a sufficient interest to justify an allegation and proof of ownership in a prosecution for larceny. (*People* v. *Edwards, supra.*)

Numerous errors in the admission and rejection of evidence are claimed by the defendant to have been committed by the trial court. It is argued that the court committed prejudicial error in admitting evidence of gifts of liquor made by defendant to employees of the Telephone

Company during the course of his transactions with them. This evidence was admissible as indicating one of the methods employed by the defendant in endeavoring to place himself in the good graces of said employees to the end that he be permitted by them to weigh the material and thus enable him to defraud the Telephone Company out of its property. The other assignments of error have been examined. None is such as to have invaded any substantial right of the defendant. Complaint is also made of certain instructions given and refused. It is apparent from the record that the court to a considerable extent instructed the jury orally. The exactness usually attendant upon the giving of written instructions is wanting in some instances. However, we find nothing in the instructions given which would require a reversal. Nor do we find any prejudicial error in the refusal of requested instructions.

It is also contended that the failure of the jury to pass upon the plea of once in jeopardy makes a new trial imperative. Following the order sustaining the demurrer to the four counts charging the obtaining of property by false pretenses, the prosecution requested permission to amend those counts. This the court refused. When the defendant was required to plead he entered pleas of not guilty to the remaining counts and also tendered pleas of former jeopardy and former acquittal by reason of the implied dismissal of the false pretense counts. When these pleas were interposed on February 28, 1927, argument was had, not in the presence of the jury, on the question of whether such pleas would lie on the then state of the record. The court "overruled" said pleas and thus decided as matter of law that they would not lie. It may be assumed, as contended by the defendant, that had the indictment charged one offense only and had the demurrer been sustained thereto, without direction to amend or resubmit to the same or a different grand jury, the case would have been at an end and the legal bar to further proceedings would have attached under section 1008 of the Penal Code. But such is not this case. Each of the counts dismissed charged an offense separate and distinct from the charge stated in any other count. The fact that the pleader stated in each of the counts dismissed that the matters and things alleged therein "constitute another and separate statement of the

offense stated'' in the preceding count, did not make the offense particularly stated in the dismissed count the same offense that was stated in the preceding count. In reality each dismissed count charged an offense different from the offense stated in the charge next preceding it, but arising from the same transaction. The defendant was in no better position by reason of the dismissal of said counts than he would have been if the demurrer had been overruled and he had been acquitted on said counts. In such case there would have been no inconsistency in the verdicts and under section 954 of the Penal Code his conviction on counts IV and X would likewise stand. Furthermore, had the defendant believed that his pleas of jeopardy should be passed upon by the jury, it was his duty to present some evidence concerning the same. This he did not do and his failure to do so constituted a waiver of the pleas. (*People* v. *Newell*, 192 Cal. 659 [221 Pac. 622].) There was nothing with reference to said pleas for the jury to pass upon.

We are satisfied from an examination of the record that the defendant was fairly tried; that the evidence was sufficient to sustain the conviction and as we find no prejudicial error in the record the judgment and order are, and each is, affirmed.

Richards, J., Seawell, J., Curtis, J., and Tyler, J., *pro tem.*, concurred.