[Crim. No. 2015. Second Appellate District, Division One.—April 10, 1931.]

THE PEOPLE, Respondent, v. X. L. WASHINGTON, Appellant.

Charles J. Orbison and Orbison & Irwin for Appellant.

U. S. Webb, Attorney-General, and J. Charles Jones, Deputy Attorney-General, for Respondent.

YORK, J.—About 10:30 of the night of March 28, 1930, the deceased, Leon Hill, was shot while in the apartment of one Mary Washington, from the effects of which he died on June 2, 1930. Defendant at the trial admitted that he called at the Washington apartment that evening between 9:30 and 10 o'clock. The theory of the prosecution was that the defendant made two calls at the home of Miss Washington on the night in question, and that it was on the occasion of his second visit that the shooting occurred. Appellant, however, maintains that this theory was completely demolished by the testimony of one Blackman, a witness for the People, and that this testimony established an alibi on behalf of appellant by proof that, at the time when the crime was committed, appellant was with Blackman at places located so far from the apartment of Miss Washington that the crime could not have been committed by him. Appellant further contends that the evidence is totally insuffi-

cient to sustain the judgment, for the reason that the evidence relied upon to uphold the judgment is so inconsistent or improbable as to be incredible.

As is usual in cases of this character, there is a direct conflict in the evidence adduced. However, we cannot say that the evidence necessarily establishes the alibi on which appellant relies. On the contrary, there is abundant evidence which strongly supports the verdict.

In his specification of error (c), at page 65 of brief, appellant criticises two of the instructions given to the jury. First, that the instruction defining murder (Clerk's Tr., pp. 30–36) is erroneous for the reason that it assumes that defendant did the shooting. The case of *People* v. *Besold,* 154 Cal. 363, 370 [97 Pac. 871, 874], involving a similar instruction to that given in the instant case, holds that ''It is impossible to declare, in each instruction, the law governing every phase of the entire case. But even if we assume that the charge quoted, taken by itself, involved an assumption that there had been a killing, and that it had been done by the defendant, it will readily be seen, on an examination of other instructions given, that no such intimation was intended by the court, and that the instruction could not have been so understood by the jury. To determine whether or not the law was properly declared for the guidance of the jury, we are to look, not to an isolated excerpt from the instructions, but to the charge as a whole.'' (Citing cases.)

The other instruction objected to (Clerk's Tr., p. 28) is: ''The court instructs the jury that the prosecution is not required to call as its own witnesses all persons who are shown to be present, or who may appear to have some knowledge of the matters here on trial. . . . '' It is argued that this is not a correct statement of the law; also that even if correct, it should have been made applicable to defendant as well as to the People. The instruction, if given at all, would be in better form if made applicable in specific terms to both parties, as was done in *People* v. *Powell,* 83 Cal. App. 62 [256 Pac. 561]. But it is not claimed that there were any witnesses, not produced by the defendant, whose testimony could possibly have been of use to him. Therefore, appellant was not injured by the omission to give the same instruction (for which he did not ask), in his behalf.

Upon the merits of the instruction itself, we think

that under appropriate circumstances it is a proper instruction. We do not think it infringes upon the rule of presumption "that evidence wilfully suppressed would be adverse if produced". There is nothing to indicate that any evidence was suppressed. Looking at all of the instructions given, we believe that the rights of defendant were fully protected and that no prejudicial error was committed by the court in the matter of instructions.

Appellant further contends that there was misconduct on the part of the jury, in that a map of the city of Los Angeles was used by them during their deliberations on the night they brought in their verdict. When making his motion for a new trial, appellant filed affidavits made by third persons, i. e., one of the attorneys of record, his law clerk and, apparently, his secretary, setting forth statements made in their presence by jurors in regard to the use of this map, which it is claimed was not introduced into evidence during the trial. The deputy district attorney who prosecuted the case in the trial court also filed an affidavit to the effect that he had a conversation with one of the jurors, who stated to him that the map in question was not displayed or exhibited to the jurors until after the vote had been taken by the jury and after said jury had voted guilty.

All of these affidavits were incompetent evidence, because a verdict cannot be impeached by affidavits of jurors, or by hearsay evidence of statements of jurors, regarding misconduct. (*People* v. *Findley,* 132 Cal. 301 [64 Pac. 742]; *People* v. *Reid,* 195 Cal. 249, 261 [36 A. L. R. 1435, 232 Pac. 457]; *Rosenberg* v. *Moore,* 194 Cal. 392, 396 [229 Pac. 34].) The sole exception is that where a verdict was reached "by the determination of chance". (Code Civ. Proc., sec. 657, subd. 2.)

The judgment and the order denying motion for a new trial are affirmed.

Conrey, P. J., and Houser, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on April 23, 1931, and a petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on May 4, 1931.