[Crim. No. 2577. Second Appellate District, Division Two.—September 19, 1934.]

## THE PEOPLE, Respondent, v. PERRY WILLIAM PATRICK JOHNSTON et al., Appellants.

Orville A. Rogers for Appellants.

U. S. Webb, Attorney-General, and Paul D. McCormick, Deputy Attorney-General, for Respondent.

SCOTT, J., *pro tem.*—Defendants were convicted of robbery in the first degree and two counts of kidnaping for the purpose of robbery, and have appealed.

When court convened on the day of trial certain events transpired of which appellants complain: The clerk called the roll of prospective jurors; they were sworn collectively to answer questions touching their qualifications to act as trial jurors; the court ordered: "Call 12 names, Mister Clerk"; defense counsel interposed: "At this time I object to the drawing of the names until the full panel is here, or a reason assigned why the full panel is not here;" The Court: "Call the names, Mr. Clerk"; the clerk called the names of three jurors; The Court: "The defendants are in the prisoners' room, Mr. Mackay;" defendants were thereupon brought into court, and the following transpired: The Court: Do you want to begin all over again and call these names? Mr. Mackay: I think we better. The Court: Better what? Mr. Mackay: Better start over again. The Court: Call the names again, Mr. Clerk. Mr. Mackay: He don't need to go back." Twelve jurors were called into the box and examined by court and counsel.

Appellants contend that their absence from the courtroom until called in as above indicated vitiated the entire

proceedings and was in violation of article I, section 13 of the Constitution of California, and of the fourteenth amendment of the Constitution of the United States. In the case of *Hopt* v. *Utah,* 110 U. S. 574 [4 Sup. Ct. 202, 28 L. Ed. 262], cited by appellants, the court defined the requirement that a defendant ''be personally present at the trial'' as demanding his presence ''at every stage of the trial when his substantial rights may be affected by the proceedings against him''. In that case the absence of defendant while a challenge to a juror was being tried was held to be error which vitiated the verdict and judgment. Here the acts of the clerk in swearing the jurors to answer questions touching their qualifications and calling the names of three jurors were ministerial acts in no way affecting the substantial rights of defendants. The opportunity was expressly afforded them by the court, while they were personally present to have the clerk repeat these formal acts, and defense counsel then declared, ''he don't need to go back''. ■ The inchoate objection which counsel started to interpose relating to the drawing of names until a full panel was present or their absence explained could not be considered as an objection for any purpose, and was properly disregarded by the court. No objection of that import was made when defendants were in court. The attention of the trial judge was not directed to any invasion of defendants' rights which counsel was thus attempting to safeguard. On appeal it is not urged that defendants had exhausted all of their peremptory challenges or that they interposed a challenge for cause to any juror thus called or selected and that such challenge had been disallowed.

■ From the testimony it appears that about 11:30 o'clock in the morning of March 13, 1934, two armed men (appellants) appeared in a bank and held up two assistant cashiers, White and Butler. Appellant Eudy pointed a revolver at White, and appellant Johnston had a gun in his right hand and a bag in his left hand. Johnston approached White, held the bag towards him and at his command White emptied currency from two cash drawers into it. Then Johnston told witnesses White and Butler to come with him to the vault. When the three of them reached the vault Johnston told White to open the cash drawer and give him what was in there—that he wanted

the cash in the drawer—but was persuaded there was no more money there. Johnston then closed and locked the door to the vault, leaving the two witnesses inside.

Appellants contend that the evidence is not sufficient to sustain the conviction of kidnaping as charged in counts 2 and 3. Section 209 of the Penal Code sets out in part that "every person who seizes, confines . . . conceals, kidnaps or carries away any individual by any means whatsoever with intent to hold or detain, or who holds or detains such individual to . . . commit robbery is guilty of a felony". Appellants' view is that since the door to the vault was an iron grill and not solid, the victims were not concealed; that the circumstances do not disclose any intent to kidnap and that the robbery was completed before confinement commenced. It appears, however, that appellants intended to seize and carry away the victims with intent to commit a further act of robbery at the vault of the bank. The felonious nature of their acts and the obvious intent which must be gathered from the circumstances of the case fully support the conviction of the crime of kidnaping.

It is also suggested on behalf of appellants that there should have been but one conviction, since the two victims responded to the same command and were simultaneously subjected to the indignities testified to by them; and further, that conviction of robbery on count 1 precluded conviction of kidnaping on counts 2 and 3 because the former was a lesser offense necessarily included within the latter. No authority supporting these suggestions is cited, and they are contrary to well-settled rules of law. (*People* v. *Bruno, ante,* p. 460 [35 Pac. (2d) 391]; *People* v. *Pickens,* 61 Cal. App. 405 [214 Pac. 1027].)

It is stated that the jury erred in not fixing the penalty for counts 2 and 3 under the provisions of section 209 of the Penal Code as amended (Stats. 1933, p. 2617; Deering's Supp. 1933, p. 327). That section, however, vests in the jury the discretion of recommending the punishment only in cases where the victim suffers bodily harm. Since there was no evidence that such bodily harm was inflicted or suffered, the punishment of appellants is fixed by the section cited as life imprisonment with possibility of parole, and the jury could not determine the matter of punishment.

The remark by the district attorney in his opening statement that "they (appellants) used a stolen car", while incorrect, could not be said to have been material or prejudicial, since the People's witnesses affirmatively established that the car was not stolen but belonged to appellant Eudy.

Judgment and order affirmed.

Craig, Acting P. J., and Desmond, J., concurred.