[Crim. No. 3003. Second Appellate District, Division Two.—September 28, 1937.]

THE PEOPLE, Respondent, v. HILLARD DENTON, Appellant.

Arthur C. Webb and Robert A. Neeb, Jr., for Appellant.

U. S. Webb, Attorney-General, and Walter L. Bowers, Deputy Attorney-General, for Respondent.

CRAIL, P. J.—Defendant was convicted under three counts of rape, one count of kidnaping, two counts of kidnaping for

the purpose of robbery, one count of grand theft, one count of assault, two counts of assault with a deadly weapon, one count of robbery, and he admitted two prior convictions. Sentence was pronounced, and the appeal is from the judgments and the order denying a motion for a new trial.

The first and primary contention of the defendant is that the evidence is insufficient to support the verdict as to each count and he takes the counts up in detail. His argument in this regard being that the defendant was not properly identified. There is positive and direct identification of the defendant as to each count. The defendant nowhere claims that there is no such evidence of identification, but confines his argument solely to the amount of weight to be given to such testimony, characterizing it as being in the opinion of counsel improbable and unlikely. It is sufficient for us to say that there is substantial evidence identifying the defendant as to each count. This court will not concern itself with its weight. (*People* v. *Young*, 136 Cal. App. 699, 703 [29 Pac. (2d) 440]; *People* v. *McGill*, 10 Cal. App. (2d) 155, 160 [51 Pac. (2d) 433]; *People* v. *Grider*, 10 Cal. App. (2d) 287, 288 [51 Pac. (2d) 881]; *People* v. *Smith, ante*, p. 209 [70 Pac. (2d) 677].)

After the People had rested their case the defendant called Clara Lowe as his own witness and asked her a question regarding a statement made to her mother upon the question of identification of defendant, which question he stated was solely by way of her impeachment. The court sustained an objection thereto. The defendant contends that the court erred in sustaining such objection. In the case in chief the witness upon her direct examination on behalf of the People identified defendant as her assailant and she was cross-examined at length upon that subject. In the cross-examination, however, appellant failed completely to question the witness concerning whether or not she was able to identify defendant other than by his voice. Afterwards when the defendant used her as his own witness he sought to develop the fact that at the time she had reported this attack to her mother she had told her mother that she could not identify the defendant other than by his voice. Under this contention defendant cites a large number of cases to the effect that in cases of rape the defendant should be allowed a wide latitude

upon cross-examination. These are entirely beside the point, for the defendant was allowed a wide latitude and was wholly unrestricted upon any material points in his cross-examination of the witness. These cases relate to the impeachment of the prosecution's witness upon cross-examination and are not applicable here where defendant sought to impeach his own witness. This situation is governed by section 2049 of the Code of Civil Procedure, which provides that a party may not impeach his own witness but that he may contradict such witness by other evidence. It is not permissible for one to call a witness in his own behalf and ask such witness a question solely for the purpose of impeaching such witness, which is what the defendant sought to do in the instant case. (*People* v. *Sliscovich,* 193 Cal. 544, 553 [226 Pac. 611]; *People* v. *Jaggers,* 120 Cal. App. 733 [8 Pac. (2d) 206].)

The defendant next complains that the court erred in refusing to strike from the evidence a belt which was found by one of the officers back of the church where one of the attacks had been committed. The prosecuting witness took the officers back there the night the incident occurred. The belt was admitted into evidence without objection on the part of the defendant. One of the officers testified that defendant was wearing an overcoat of the same fabric when arrested. The basis of the defendant's motion to strike the belt was that the prosecuting witness had failed to identify the belt. There is no merit in this contention. The defendant makes other contentions with reference to the admission of evidence which are without merit.

The defendant next contends that there was prejudicial misconduct on the part of the district attorney. The asserted misconduct lies entirely in what appellant claims to be leading and suggestive questions on the part of the district attorney. The record shows just one such question. It was to the witness Clara Lowe relative to her ability to identify an overcoat worn by the defendant. The question was, "But you have stated that you did not think this was the overcoat?" This was objected to as leading and suggestive and the court sustained the objection. Thereupon defendant's counsel asked that the district attorney be cited for misconduct, but the court refused to do so. The contention that the mere asking of a leading question is misconduct

is far-fetched. The authorities cited by the defendant do not sustain such a rule.

The defendant next contends that as to count five, which relates to the crime of kidnaping for the purpose of robbery, that the evidence shows the actual robbery, if any, took place at the corner of Thirty-eighth and McKinley Avenue at the time the defendant first accosted the prosecutrix, and that therefore the evidence sustains only a charge of robbery and not the charge which was stated of kidnaping for the purpose of robbery. The evidence shows that the defendant first attempted to rob his victim at Thirty-eighth and McKinley, but it further shows that thereafter he grabbed his victim as tight as he could on the shoulder and carried and dragged her along to a dark place on Thirty-seventh Street. There he again attempted to rob her, taking off her shoes and stockings, looking for money, and beating his victim for not finding it. There is no merit in this contention. (*People* v. *Johnston,* 140 Cal. App. 729, 733 [35 Pac. (2d) 1074]; *People* v. *Raucho,* 8 Cal. App. (2d) 655, 664 [47 Pac. (2d) 1108].)

The defendant next contends that the verdict was the result of passion and prejudice. But there is no merit in this contention.

The defendant next contends that there was a variance between the information and the proof on count four charging grand theft. The information alleged the automobile was "the personal property of one Bettie Beard". The defendant contends that the evidence showed that the automobile was the property of Virgil Wilson. The evidence was to the effect that Virgil Wilson was the owner of the car and that on the particular day in question he had turned the car over to Bettie Beard and had given her permission to drive the same. There is no merit in this contention. "Possession alone, as against the wrongdoer, is a sufficient interest to justify an allegation and proof of ownership in a prosecution for larceny." (*People* v. *Kirsch,* 204 Cal. 599, 602 [269 Pac. 447]; *People* v. *Cloud,* 100 Cal. App. 792 [281 Pac. 79]; *People* v. *Larrabee,* 113 Cal. App. 745 [299 Pac. 85].)

Defendant next contends that the court erred in the admission of certain testimony, but he has not seen fit to ad-

vance any argument or cite any authorities in support of his contention, being content with a mere statement of the same, and we shall not pursue the subject further.

The defendant next contends that the court erred with regard to several instructions. We have examined all of these contentions and find no merit in them.

 Finally, the defendant contends that the court erred in refusing to admit into the evidence certain affidavits which were filed in support of the motion for a new trial. The affidavits were by jurors attempting to impeach their own verdict and hearsay evidence of statements made by jurors for the purpose of impeaching the verdict. It has been held that it was proper for the trial court to refuse to allow such an affidavit to be filed. (*People* v. *Kloss,* 115 Cal. 567, 578 [47 Pac. 459] ; *People* v. *Smith,* 206 Cal. 235 [273 Pac. 789] ; *People* v. *Reid,* 195 Cal. 249 [232 Pac. 457, 36 A. L. R. 1435] ; *People* v. *Kennedy,* 21 Cal. App. (2d) 185 [69 Pac. (2d) 224].) The verdict cannot be impeached by such evidence. (*People* v. *Washington,* 113 Cal. App. 352, 355 [298 Pac. 121].) There is nothing in these affidavits in any event which would warrant a reversal.

Judgments and order denying new trial affirmed.

Wood, J., and McComb, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on October 28, 1937.