[Crim. No. 3165. Second Appellate District, Division Two.—January 24, 1939.]

THE PEOPLE, Respondent, v. CLAUDE E. BRANNON, Appellant.

Anna Zacsek for Appellant.

U. S. Webb, Attorney-General, and Alberta Belford, Deputy Attorney-General, for Respondent.

McCOMB, J.—From a judgment of conviction of burglary of the second degree after trial before the court without a jury, defendant appeals.

Viewing the evidence most favorable to the People (respondent), the facts are:

June 16, 1938, at about 3 A. M., defendant broke into and entered a cafe owned and operated by Ira S. Fierce. He then broke the glass coverings on two slot machines (stipulated to be gambling devices) and removed therefrom ninety-seven dimes and twenty-three nickels. As he left the cafe he was apprehended. Defendant had for several months prior thereto frequented the cafe, and on various occasions had deposited coins in the slot machines.

Defendant relies for reversal of the judgment upon this proposition:

*There is no substantial evidence to sustain the implied finding of the trial court that the money taken by him was property of another person.*

This proposition is untenable. It is the established law of this jurisdiction that proof that property was in the possession and under the control of the person from whom it is claimed to have been taken is sufficient proof of ownership to sustain a conviction of burglary. (*People* v. *Kirsch,* 204 Cal. 599, 602 [269 Pac. 447]; *People* v. *Hayes,* 72 Cal. App. 292, 299 [237 Pac. 390].)

This rule is not in conflict with the law as announced by our Supreme Court in *People* v. *Rosen,* 11 Cal. (2d) 147, 152 [78 Pac. (2d) 727, 116 A. L. R. 991], which holds that it

is a question of fact for the determination of the jury whether or not the defendant in committing the robbery intended to recover money which he had lost in a gambling device or to take the property of another. ▮ In the instant case the undisputed testimony shows that the money which defendant admittedly took was in the possession and under the control of Mr. Fierce, the owner of the cafe which defendant entered.

Therefore, applying the rules of law above stated, there was evidence in the instant case to sustain the trial court's finding of fact that defendant broke into the cafe with intent to take property of another and that the property in fact taken by him belonged to another.

For the foregoing reasons the judgment is affirmed.

Crail, P. J., and Wood, J., concurred.