RAWLS, Judge.
Dawson appeals a judgment of convic tion and sentences of two counts of manslaughter and one count of driving while under the influence of alcoholic beverages. His primary contention is that a blood sample was taken from his body contrary to the provisions of F.S. § 322.261, F.S.A. The facts surrounding the extraction of blood from Dawson fall squarely within those detailed in the Supreme Court’s decision in State v. Mitchell, 245 So.2d 618 (Fla.1971), and thus this contention is without merit. Dawson also urges that a view of the scene by the jury was improperly conducted. This record discloses that the view was conducted under the careful supervision of the trial judge without any improper influences.
Finally, Dawson contends that the two 20-year and the one 6-month concurrent sentences are improper because only one transaction was involved. As to counts one and two of manslaughter, the words in the sentence of the Court reading “to run concurrently” are deleted; thus one sen *117 tence of 20 years for these two counts shall stand. Stewart v. State, 184 So.2d 489 (4 Fla.App.1966). The concurrent sentence of 6 months imposed for driving while under the influence of alcoholic beverages resulted from a separate offense and therefore constitutes a proper sentence.
The judgment of conviction is affirmed; the sentences are amended as stated above. It is not necessary that appellant be returned for resentencing.
SPECTOR, C. J., and JOHNSON, J., concur.