## No. 25213

## The People of the State of Colorado v. Samuel K. Grass
(505 P.2d 1301)

Decided January 29, 1973.

Duke W. Dunbar, Attorney General, John P. Moore, Deputy, Aurel M. Kelly, Assistant, for plaintiff-appellee.

Rollie R. Rogers, State Public Defender, J. D. MacFarlane, Chief Deputy, Thomas M. Van Cleave III, Deputy, for defendant-appellant.

*En Banc.*

MR. JUSTICE DAY delivered the opinion of the Court.

Defendant-appellant (hereinafter referred to as defendant) was charged with the crimes of assault with a deadly weapon and conspiracy to commit assault with a deadly weapon. Defendant was found guilty on both counts of the informa-

tion and sentenced to concurrent prison terms. On appeal, the conviction was upheld in *Grass v. People,* 172 Colo. 223, 471 P.2d 602, where this court held there was sufficient evidence to convict defendant as a conspirator. Defendant filed a motion to vacate, set aside or correct sentence pursuant to Crim. P. 35(b). Upon a denial of the motion, he instituted this appeal.

■ Defendant's sole contention is that the conspiracy instruction submitted to the jury, in combination with the accessory instruction, violated defendant's right not to be placed twice in jeopardy for the same offense.

We disagree. The recent case of *Goddard v. People,* 172 Colo. 498, 474 P.2d 210, is dispositive of the contention herein. We said:

"[T]he defendant argues that to define a conspirator as one who cooperates to aid in doing an unlawful act and an accessory as one who stands by and aids in the perpetration of a crime permits the jury to find the defendant guilty of two separate offenses when in fact there is only one act — aiding in the perpetration of a crime — thereby placing the defendant twice in jeopardy for the same offense in violation of Colo. Const. Art. II, Sec. 18, and U.S. Const. amend. V (Fifth Amendment).

"We cannot agree that the defendant is being tried for what is really one offense. The essence of the crime of conspiracy is the illegal agreement or combination. People v. Bradley, 169 Colo. 262, 455 P.2d 199. The essence of the accessory statute establishing guilt equal to that of a principal is to punish for participation in the criminal act. This court has consistently held that the conspiracy and the crime which is the object of the conspiracy are different and distinct offenses. Pooley v. People, 164 Colo. 484, 436 P.2d 118."

The judgment is affirmed.