PER CURIAM.
Appellant vigorously contends by this appeal that extraction of blood samples without his expressed consent to an analysis to determine the alcoholic content contravenes the Fourth, Fifth and Fourteenth Amendments of the Constitution of the United States of America. Appellant states that the opinion of the Florida Supreme Court in State v. Mitchell, 245 So.2d 618 (Fla.1971) “is contrary to the position he now takes in relation to the constitutional principles involved.” Nevertheless he argues that the Florida Supreme Court in its Mitchell opinion, misconstrued the principles of Schmerber v. California, 384 U.S. 757, 86 S.Ct. 1826, 16 L.Ed.2d 908 (1966) and urges us to adopt what he views as the corrected interpretation of law as set forth in Mitchell v. State, 227 So.2d 728 (2 Fla.App.1969). It is not the role of this court to re-evaluate a recent decision of the Supreme Court of Florida. As stated in this court’s opinion of Dawson v. State, 266 So.2d 116 (1 Fla.App.1972) :
“The facts surrounding the extraction of blood from Dawson fall squarely within those detailed in the Supreme Court’s decision in State v. Mitchell, 245 So.2d 618 (Fla.1971), and thus this contention is without merit.”
The facts surrounding extraction of blood from appellant, Curtis Goode, also fall squarely in those detailed in Supreme Court’s decision State v. Mitchell, supra, and thus the judgment of conviction must be affirmed.
SPECTOR, C. J., and RAWLS and JOHNSON, JJ., concur.