No. 25377

The People of the State of Colorado v. Jay M. Sharpe

(514 P.2d 1138)

Decided October 9, 1973.

Duke W. Dunbar, Attorney General, John P. Moore, Deputy, Sara Duncan, Assistant, Robert C. Lehnert, Assistant, for plaintiff-appellee.

Rollie R. Rogers, State Public Defender, J. D. MacFarlane, Chief Deputy, Lee Belstock, Deputy, for defendant-appellant.

*En Banc.*

MR. JUSTICE LEE delivered the opinion of the Court.

Jay M. Sharpe was convicted by a jury in the Denver district court of forcible rape (C.R.S. 1963, 40-2-25(1)(e)) and unnatural carnal copulation (C.R.S. 1963, 40-2-31). He was acquitted of a third charge, assault with a deadly weapon.

Appellant asserts six grounds for reversal which we find to be without merit, and we therefore affirm the convictions.

A brief summary of the People's evidence shows that appellant, using an assumed name, placed an order for temporary secretarial services in response to which the victim of the crimes, a nineteen-year-old, unmarried girl, appeared at appellant's address. She was escorted into his apartment where he pulled what appeared to her to be a real gun. He then proceeded to bind her arms, disrobe her, and forcibly perpetrate the crimes of rape and unnatural carnal copulation. The evidence suggested that appellant actually used a toy gun in accomplishing his unlawful purpose. The victim was thereafter released and within a few minutes made complaint to the Denver police. Appellant's theory of defense was consent. He chose not to testify in his own behalf.

I.

Appellant contends the verdicts of guilty of rape and not guilty of assault with a deadly weapon are inconsistent and require reversal. He argues from the fallacious premise that assault with a deadly weapon is a lesser included offense of forcible rape and that, inasmuch as the jury found him not guilty of the assault charge, it could not consistently find him guilty of the forcible rape charge.

In *People v. Futamata,* 140 Colo. 233, 343 P.2d 1058, the Court held that the crime of assault to rape was a lesser included offense of the crime of forcible rape. Assault to rape is, however, a different crime than assault with a deadly weapon, the latter requiring the use of a deadly weapon.

Applying the *Futamata* test, although the offenses of rape and assault with a deadly weapon include the common element of assault, the latter charge requires proof of the additional element of the use of a deadly weapon, which is not a necessary element of the crime of forcible rape under Section 40-2-25(1)(e). It is clear that the jury believed that the appellant in committing the rape did not use a deadly weapon, and therefore found him not guilty of assault with a deadly weapon; whereas, consistent with the same evidence, the jury believed, as the guilty verdict demonstrates, that the rape was perpetrated under circumstances where the victim was "prevented from resistance by threats of immediate and great bodily harm, accompanied by *apparent power of execution*" by the use of a simulated deadly weapon which in reality was a toy gun. We do not find the verdicts inconsistent so as to require reversal.

II.

■ Appellant asserts that the evidence was insufficient to support the verdict of guilty as to the rape charge. On the contrary, the record contains ample, competent evidence to show that the resistance of the victim was overcome by threats of immediate and great bodily harm accompanied by apparent power of execution when the act of sexual intercourse was perpetrated upon her. The guilty verdict was fully supported by the evidence and will not be disturbed on review.

III.

■ Appellant next contends that the jury was improperly instructed in several particulars. First, he argues that the court erred in instructing the jury that they were "not to search for a doubt." This same assertion has been made and rejected in the past in many cases, and most recently in *People v. Bowen,* 182 Colo. 294, 512 P.2d 1157.

■ Next, appellant complains that combining in one instruction the instructions on presumption of innocence, burden of proof, and reasonable doubt amounted to an abuse of discretion, the result of which could easily have confused the jury. No prejudice has been shown by appellant, and, as

held in *People v. Romero,* 182 Colo. 50, 511 P.2d 466, we find this contention to be without merit.

■ Appellant also complains of the court's instruction on intent, which was framed in the language of the statute. He asserts that his tendered instruction was preferable. We find the court's instruction correctly stated the law and no error has been demonstrated in this particular.

■ It is next contended that the court erred in not submitting appellant's tendered instruction No. 4, stating that there is a presumption in law that a woman of low moral character is more likely to consent to an act of sexual intercourse than one of high moral character. The tendered instruction misstated the law. Evidence of prior recent unchaste acts may give rise to an inference of consent but not to a presumption in law of consent. *Struna v. People,* 121 Colo. 348, 215 P.2d 905; *Olguin v. People,* 115 Colo. 147, 170 P.2d 285. Moreover, the court's instruction on prior unchaste conduct of the victim, as bearing on the question of consent, adequately covered appellant's theory.

■ Finally, prejudicial error is asserted in the court's failure to give instructions on assault and assault to commit rape as lesser included offenses of the crime of forcible rape. Appellant did not request or tender such instruction and we do not consider the failure to give the lesser included offense instruction as plain error under Crim. P. 52(b) under these circumstances. *Tanksley v. People,* 171 Colo. 77, 464 P.2d 862; *Phillips v. People,* 170 Colo. 520, 462 P.2d 594; *Hollon, Jr. v. People,* 170 Colo. 432, 462 P.2d 490. It is incumbent on counsel, under Crim. P. 30, to object to the court's proposed instruction, if defective or deficient, and to request and tender correct instructions, or instructions that have been overlooked or omitted by the court. This, appellant's counsel did not do and error may not be predicated upon the court's failure to give such instructions under these circumstances.

### IV.

■ It is contended that the court erred in imposing consecutive sentences under the circumstances of this case

inasmuch as the act of unnatural carnal copulation and the act of rape were a part of the same criminal transaction. We disagree. The crimes charged are separate and distinct. The statutory elements are different, as are the requirements of proof. Even though the offenses arose out of the same criminal episode, they are separately punishable and as such the trial court had the discretion to impose concurrent or consecutive sentences. *DeBose v. People,* 175 Colo. 356, 488 P.2d 69.

Appellant's reliance on *Maynes v. People,* 169 Colo. 186, 454 P.2d 797, is misplaced. Its holding is limited to the charges there involved, which were burglary and larceny. *DeBose v. People, supra.*

## V.

 Appellant challenges the constitutionality of the statute on unnatural carnal copulation on the grounds of vagueness and overbreadth. This Court found the statute sufficiently definite and not unconstitutionally vague in *Gilmore v. People,* 171 Colo. 358, 467 P.2d 828, and we adhere to that holding.

 Concerning overbreadth, in our view appellant lacks standing to make the challenge. Appellant argues that the statute impinges on the right of privacy in that it criminalizes acts of sexual conduct among consenting adults. The jury rejected appellant's theory of consent with respect to the rape charge and found that he acted with force. There is nothing in the record to warrant the conclusion that he acted otherwise in perpetrating the unnatural carnal copulation upon his victim. The record clearly shows the use of criminal force during the entire criminal transaction. Thus, he is not directly affected by the alleged overbreadth of the statute and he lacks standing to raise this issue. *Garcia v. City of Pueblo,* 176 Colo. 96, 489 P.2d 200. *See also, Hughes v. State,* 14 Md. App. 497, 287 A.2d 299; *Warner v. State,* 489 P.2d 526 (Okl. Cr. 1971).

The judgment is affirmed.

MR. JUSTICE ERICKSON concurs in the result.

MR. JUSTICE KELLEY does not participate.