## No. 25507

## The People of the State of Colorado v. Jose E. R. Duran

(515 P.2d 1117)

Decided November 12, 1973.

Duke W. Dunbar, Attorney General, John P. Moore, Deputy, Patricia W. Robb, Assistant, for plaintiff-appellee.

Rollie R. Rogers, State Public Defender, J. D. MacFarlane, Chief Deputy, Lee Belstock, Deputy, for defendant-appellant.

*En Banc.*

MR. JUSTICE LEE delivered the opinion of the Court.

Appellant, Jose E. R. Duran, appeals from an order of the district court of Saguache County denying his motion under Crim. P. 35(b) for withdrawal of his pleas of guilty to the crimes of assault with a deadly weapon, assault with intent to commit murder, and two counts of kidnapping. He seeks relief in the alternative, in the event this Court affirms the trial court's denial of his 35(b) motion, requiring that the sentences imposed by the court relating to the kidnapping counts be ordered to run concurrently rather than consecutively. For the reasons hereinafter discussed, we affirm the denial of appellant's 35(b) motion, and remand for resentencing on the kidnapping counts.

For a better understanding of the issues before the Court, we review the history of the case.

On March 15, 1966, appellant was charged with five criminal counts, the four enumerated above and a fifth count of arson. Appellant, who is of Spanish descent and with a limited education, had difficulty understanding the English language. In view of this problem, he was advised of his rights in Spanish as well as in English. The trial court appointed Carlos Lucero, an attorney fluent in the Spanish language, to represent him.

At arraignment on April 1, 1966, Lucero indicated he had twice conferred with his client concerning the criminal charges, and pleas of not guilty and not guilty by reason of insanity were then entered. The court ordered that appellant be examined by a medical commission on his insanity plea. Medical reports later filed indicated appellant was sane. Thereafter, on June 6, 1966, Mr. Lucero advised the court that appellant wished to withdraw his pleas of not guilty and

to enter pleas of guilty to all charges except the arson charge. The court specifically inquired of appellant whether this was his desire. He replied affirmatively. The court then read the statute relating to each offense and the penalties prescribed therein. Mr. Lucero assisted in interpreting when necessary. As each statute was read, Lucero indicated that his client did understand. At the conclusion of the recitation, appellant was repeatedly asked by the court whether he persisted in his guilty pleas. Appellant said he did and added in his own words, "I'm guilty."

On July 8, 1966, the court conducted a providency hearing where witnesses testified concerning the events out of which the criminal charges arose. There was testimony by the victims concerning the appellant's drunken condition, his threats to kill, his assault with a gun, his shooting of one of the victims, and the kidnapping of two brothers. The court conducted a lengthy inquiry concerning the voluntariness of an alleged confession. Parenthetically, we note that the alleged confession was never admitted into evidence nor was it read or considered by the court.

At the conclusion of the hearing, because of evidence developed concerning appellant's condition of intoxication and irrational conduct displayed during the commission of the offenses, Mr. Lucero asked that he be allowed to withdraw the guilty pleas and to proceed to trial on the insanity plea. Briefs were filed and the court ultimately granted this request. A sanity trial to a jury was held on October 17, 1966, and the jury found appellant to be sane.

On January 3, 1967, appellant and his counsel requested leave to again enter pleas of guilty. Mr. Lucero explained:

"It is now the defendant's desire to change his plea in this case to guilty. The case has been discussed with the defendant thoroughly. I have explained to him the jury has now found him sane, and that he is entitled to proceed to trial on the major issues of the case, whether he is guilty or not guilty."

Lucero added he had explained the possible defenses to the charges and that appellant repeatedly insisted that he wanted

to plead guilty. Lucero advised the court that he believed it was appellant's voluntary choice, made with full knowledge of all of its implications.

Thereupon, with Mr. Lucero acting as interpreter, the court again discussed the charges, outlining the penalties for each offense. Appellant indicated he understood and persisted in his pleas. The court inquired whether the prior offer of proof as to the factual bases for the charges might be stipulated to by counsel and the district attorney. Mr. Lucero related that he had also discussed this with appellant and it was thereupon agreed. Thereafter, the court accepted the guilty pleas. Appellant was sentenced to from twenty to twenty-five years on each kidnapping count, from three to five years on the assault with a deadly weapon count, and from ten to twelve years on the assault with intent to commit murder count, all sentences to run consecutively.

On June 6, 1967, appellant filed a pro se Rule 35(b) motion, alleging, among other things, that the threats by the sheriff had forced him to plead guilty and that his confession was involuntary. New counsel was appointed for appellant. The court conducted an evidentiary hearing on June 11, 1967. Appellant failed to produce any testimony relative to his claims of coercion, threats, intimidation, or physical violence. He did testify that the sheriff had told him he would be given a sentence of only five to ten years if he pled guilty. This evidence was disputed by the sheriff and no corroborative testimony was produced by appellant. Moreover, it was admitted by appellant that his lawyer had advised him he could receive as much as forty-nine years in prison, and, further, that he understood only the court could impose sentence. Findings of fact and conclusions were entered by the court that appellant's pleas were voluntary, that his claims of threats or promises were not borne out by the evidence, and that his confession had no bearing on the case since it had never been received in evidence or considered by the court.

Appellant filed a second 35(b) motion, asking credit for time served in jail while awaiting sentence. This motion was

also denied.

No writ of error was sued out to the court's orders on the first and second 35(b) motions.

Thereafter, on December 24, 1971, appellant, through the office of the public defender, filed his third 35(b) motion, the denial of which is here appealed from. The court denied this motion without hearing, noting that the motion was "successive" and that "* * * nothing would be served by conducting another hearing upon the same or similar grounds of defendant's pleas, the nature of his pleas, and the facts surrounding his pleas * * *." We agree with the court's disposition of this motion.

I.

█ Appellant's 35(b) motion asserted in essence that his guilty pleas were made without understanding of the charges against him; that they were not voluntary; and that the court did not comply with the requirements of Colo. R. Crim. P. 11. The record developed in the trial court does not support these allegations of lack of understanding and involuntariness. To the contrary, it shows extreme consideration and caution by the court in ensuring that appellant was fully protected. This is evidenced by the appointment of competent counsel, fluent in the Spanish language, who was present with appellant at all stages of the proceedings; by the permission of the court allowing appellant to twice change his pleas; by the particularity with which the court detailed the crimes and penalties with which appellant stood charged; by the numerous instances in which appellant declared he understood the charges and his persistence in the entry of his pleas of guilty; and by the detailed and exhaustive providency hearing at which the factual bases for the guilty pleas were amply established; all of which compelled the conclusion that appellant's pleas were in fact voluntarily entered with full understanding of the nature and consequences thereof.

█ As to the allegations of lack of compliance with the requirements of Colo. R. Crim. P. 11, the proceedings were conducted prior to *Boykin v. Alabama,* 395 U.S. 238, 89

S.Ct. 1709, 23 L.Ed.2d 274. This Court has heretofore declared that adherence to a formal ritual is not required by Rule 11. *People v. Alvarez,* 181 Colo. 213, 508 P.2d 1267; *People v. Randolph,* 175 Colo. 454, 488 P.2d 203; *Ward v. People,* 172 Colo. 244, 472 P.2d 673. Rather than ritualistic compliance, the Constitution requires only that a defendant be aware of the elements of the offense and that he voluntarily and understandingly acknowledge his guilt. *People v. Canino,* 181 Colo. 207, 508 P.2d 1273. The record in this case shows substantial compliance with the rule under the circumstances of this case.

II.

Appellant contends the court incorrectly and unlawfully imposed consecutive sentences on the two kidnapping counts when in reality only one criminal transaction occurred as to the kidnapping, even though two victims were involved. The consecutive sentences imposed for the kidnapping counts combined for a total minimum of forty years and a maximum of fifty years. The section of the kidnapping statute under which appellant was convicted provides for a maximum punishment of not more than thirty years. C.R.S. 1963, 40-2-44(1); 40-2-45(4).

The evidence as developed at the providency hearing showed, and the court found, that "* * * The defendant [Duran] then at gunpoint ordered Richard and Gerald Schmidt into the front seat of an automobile and defendant took a position in the rear seat and while still at gunpoint ordered Richard Schmidt to drive the car at high rates of speed. Defendant, again, fired his gun into the forward area of the car one or more times while they were underway, demanding to be taken to the State of New Mexico. * * *"

It is clear that two substantive offenses of kidnapping occurred as two victims responded at gunpoint to the illegal force and were unlawfully and forcibly abducted by appellant. *People v. O'Farrell,* 161 Cal. App. 2d 13, 325 P.2d 1002; *People v. Johnston,* 140 Cal. App. 729, 35 P.2d 1074. The question for resolution, however, is whether our law permits multiple punishment where one act of forcible

abduction results in the kidnapping of two victims, as in this case.

In *Maynes v. People,* 169 Colo. 186, 454 P.2d 797, the Court expressed the view "* * * that double sentencing for the same transaction is inherently wrong and basically unjust * * *." In our view this principle is applicable here, where the facts present a stronger case for a single punishment than in *Maynes, supra.* We regard the consecutive sentences imposed under the kidnapping counts as double punishment and legally forbidden. For analogous situations where similar results were reached, see *Ladner v. United States,* 358 U.S. 169, 79 S.Ct. 209, 3 L.Ed.2d 199 (1958) (single discharge of shotgun held to constitute only single violation of statute penalizing assault on any federal officer, even though more than one officer was injured thereby); *United States v. Deaton,* 468 F.2d 541 (5th Cir. 1972) (harboring of two prison escapees held to constitute a single offense); *Dawson v. State,* 266 So. 2d 116 (Fla. App.) (concurrent sentences on two counts of manslaughter vacated, where deaths arose out of single transaction of driving under the influence).

We hasten to point out that we are here concerned with a single act of criminal conduct as distinguished from multiple criminal conduct involving separate criminal acts although connected with and committed during the same continuous criminal episode, as was the case in *People v. Sharpe,* 183 Colo. 64, 514 P.2d 1138. And we reject appellant's additional argument as legally unsupportable, that the other consecutive sentences imposed by the trial court here also be ordered to run concurrently. They clearly fall within the principles set forth in *Sharpe, supra.*

We affirm the judgment of the trial court denying appellant's 35(b) motion, except that we remand the case for resentencing on the kidnapping convictions.

MR. JUSTICE HODGES does not participate.