No. 25839

**The People of the State of Colorado v.
Keith A. Brown and Deryl G. Beckel**
(523 P.2d 986)

Decided June 24, 1974.                    Rehearing denied July 15, 1974.

John P. Moore, Attorney General, John E. Bush, Deputy, E. Ronald Beeks, Assistant, Patricia W. Robb, Assistant, for plaintiff-appellee.

Arthur H. Weed, for defendants-appellants.

MR. JUSTICE KELLEY delivered the opinion of the Court.

Defendants Keith A. Brown and Deryl G. Beckel were found guilty by a jury of possession of marijuana, possession for sale of marijuana, possession of cocaine, conspiracy to possess narcotic drugs for sale, and conspiracy to possess narcotic drugs, five counts in all. We affirm.

The evidence presented at trial showed that the defendants were living in a rented house at 3611 Decatur Street in Denver. On April 25, 1972, officers of the Denver Police Department executed a search warrant at that address and seized 57.7 ounces of marijuana, a small amount of cocaine, a set of scales, "kilo wrappers," and $3,171 in cash. The defendants advance five arguments urging reversal which we shall consider in the order presented.

I.

Defendants first submit that the affidavit in question was not sufficient under the *Aguilar-Spinelli* test. *See Aguilar v. Texas,* 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964); *Spinelli v. United States,* 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969). The issues presented by defendants here as to the confidential informant's reliability and the allegations of fact giving rise to probable cause to issue the warrant have been answered adversely to defendants in recent decisions of this court. *See People v. Vaughns,* 182 Colo. 328, 513 P.2d 196 (1973); *People v. Baird,* 182 Colo. 284, 512 P.2d 629 (1973); *People v. Treadway,* 182 Colo. 239, 512 P.2d 275 (1973); *People v. Ward,* 181 Colo. 246, 508 P.2d 1257 (1973); *People v. Peschong,* 181 Colo. 29, 506 P.2d 1232 (1973). It would serve no useful purpose to repeat what has already been said in the above cited cases.

II.

■■ Defendants argue that it was reversible error for the trial court to refuse to allow their expert to examine a sample of the alleged cocaine in her own lab. Further error is urged as a result of the trial court's refusal to order the production of notes made by the People's expert witness although the results of his tests were made available.

Crim. P. 16 provides in pertinent part:
"(a) Upon motion of a defendant the court may order the

attorney for the prosecution to permit the defendant to inspect and copy or photograph.

. . . .

"(2) Results or reports of physical or mental examinations, and of scientific tests or experiments made in connection with the particular case, or copies thereof, within the possession, custody or control of the prosecution, the existence of which is known, or by the exercise of due diligence may become known to the attorney for the prosecution.

. . . .

"(c)(1) Upon a showing of materiality to the preparation of the defense, and if the request is reasonable, the court in its discretion may require disclosure to defense counsel of relevant material and information not covered by sections (a) and (b) of this Rule."

The trial court denied the defense motion in part, but did allow the defense expert to examine a sample of cocaine at the forensic laboratory at Denver General Hospital. It also ordered the disclosure of the test results of the People's expert. This meets the requirements of Crim. P. 16(a). The record does not indicate any abuse of discretion under Crim. P. 16(c).

### III.

Defendants next argue that the trial court should have granted their pretrial motion for disclosure of the identity of the informant. The informant, of course, did not testify at either the suppression hearing or at trial.

The defendants based their motion for disclosure on testimony given by the arresting officer at the preliminary hearing. He testified that the conspiracy charge was supported by information from the informant and the circumstantial evidence. As noted above, large quantities of marijuana and drug related paraphernalia were seized from defendants' residence. At trial only the circumstantial evidence was presented. No showing was made nor does it appear from the record that the disclosure of the informant's identity might be helpful or relevant to the defendants' case, nor does it

appear that disclosure is essential to a fair determination of the cause.

*Roviaro v. United States,* 353 U.S. 53, 77 S.Ct. 623, 1 L.Ed.2d 639 (1957) is controlling here. In *Roviaro* it was said:

"A further limitation on the applicability of the privilege arises from the fundamental requirements of fairness. Where the disclosure of an informer's identity, or of the contents of his communication, is relevant and helpful to the defense of an accused, or is essential to a fair determination of a cause, the privilege must give way.

. . . .

"We believe that no fixed rule with respect to disclosure is justifiable. The problem is one that calls for balancing the public interest in protecting the flow of information against the individual's right to prepare his defense. Whether a proper balance renders nondisclosure erroneous must depend on the particular circumstances of each case, taking into consideration the crime charged, the possible defenses, the possible significance of the informer's testimony, and other relevant factors." 353 U.S. at 60-63.

*See McCray v. Illinois,* 386 U.S. 300, 87 S.Ct. 1056, 18 L.Ed.2d 62 (1967); *Parlapiano v. District Court,* 177 Colo. 36, 492 P.2d 626 (1972). *See also People v. Quintana,* 183 Colo. 81, 514 P.2d 1325.

Defendants argue that *Roviaro* mandates disclosure of the informant's identity here. We disagree. The balancing of interests under the facts of this case calls for nondisclosure.

IV.

Defendants argue that the bar against double jeopardy, United States Constitution, Amendment V, Colorado Constitution, Article II, Section 18, precludes the conviction of an offense and a lesser included offense where both charges are based on the same criminal transaction. Defendants argue that it was error to refuse their tendered instruction which stated that if the jury found the defendants guilty of possession of narcotic drugs for sale, they must find them not guilty of possession of narcotic drugs. We agree.

In *People v. Bugarin,* 181 Colo. 62, 507 P.2d 875 (1973), we held that where the defendant was convicted of aggravated robbery, his conviction for the included offense of assault with a deadly weapon must be set aside. *Bugarin* controls here, and it was error for the trial court to refuse defendants' tendered instruction. However, the sentence for possession of narcotic drugs does not exceed and was imposed concurrently with the sentence for possession of narcotic drugs for sale. Thus, the defendants were not prejudiced by the trial court's failure to instruct the jury on this point.

## V.

██ Defendants' final contention is that the People should have been required to elect between the two conspiracy charges submitted to the jury. In other words, defendants argue that although there may have been several unlawful objects of the conspiracy, there was only one conspiracy. As a statement of law, this is correct on the facts of this case.

In *People v. Bradley,* 169 Colo. 262, 455 P.2d 199 (1969), we adopted the following proposition from *Braverman v. United States:*

" '. . . Whether the object of a single agreement is to commit one or many crimes, it is in either case that agreement which constitutes the conspiracy which the statute punishes. The one agreement cannot be taken to be several agreements and hence several conspiracies because it envisages the violation of several statutes rather than one . . . .'

" '. . . The single agreement is the prohibited conspiracy, and however diverse its objects it violates but a single statute . . . .' " 169 Colo. at 265, 266.

Here, too, there was but one agreement, and thus one conspiracy. It was error for the trial court to submit two conspiracy counts to the jury. *People v. Bradley, supra; Bingham v. People,* 157 Colo. 92, 401 P.2d 255 (1965). However, we note that the conspiracy sentences do not exceed and were imposed concurrently with the sentence for possession of narcotic drugs for sale. Therefore, there is no

prejudice to the defendants as a result of the procedure followed by the trial court.

Accordingly, the judgment of the trial court is affirmed.

MR. JUSTICE DAY and MR. JUSTICE ERICKSON do not participate.