## No. 27156

**The People of the State of Colorado v. Edward Robert Mendoza**

(549 P.2d 766)

Decided May 10, 1976.

520

Dale Tooley, District Attorney, Brooke Wunnicke, Chief Appellate Deputy, for plaintiff-appellant.

No appearance for defendant-appellee.

*En Banc.*

MR. JUSTICE ERICKSON delivered the opinion of the Court.

This is an appeal by the district attorney for the Second Judicial District on a question of law, pursuant to section 16-12-102, C.R.S. 1973. This appeal was taken after the district court dismissed felony assault charges against the defendant, Edward Robert Mendoza, on defense counsel's plea of *autrefois convict.* We reverse and remand with directions that the charges be reinstated against the defendant in the district court.

The acts which brought about the charges against the defendant occurred in the early morning hours of March 22, 1975, at Joe's Cave Bar in Denver. The defendant struck Travis Fullen with a tire iron. He also allegedly hit Lee Medina with the tire iron and knocked most of his teeth out. The assault on Fullen resulted in the filing of charges for the violation of two municipal ordinances: "disturbance," *Denver Revised Municipal Code* § 842.2-1 and "assault," § 842.3-1. The defendant pled guilty to both municipal ordinance violations.

On May 2, 1975, the district attorney filed a felony complaint in the Denver county court and charged the defendant with first-degree assault, section 18-3-202, C.R.S. 1973, and second-degree burglary, section 18-4-203, C.R.S. 1973. The felony assault charge was predicated upon the acts which allegedly caused the injuries to Lee Medina. This charge was dismissed by the county court judge, and the district attorney then filed a direct information in the district court, charging the defendant with first-degree assault. The defendant, thereafter, filed a motion to dismiss, alleging that section 18-1-303, C.R.S. 1973, barred the felony prosecution for assault. The district court granted the motion and ordered the case dismissed.

Section 18-1-303, C.R.S. 1973, does not justify dismissal of the felony assault charge against the defendant. The statute provides:

"*Second trial barred by prosecution in another jurisdiction.* (1) If conduct constitutes an offense within the concurrent jurisdiction of this state and of the United States, or another state, or of a municipality, a prosecution in any other of these jurisdictions is a bar to a subsequent prosecution in this state under either of the following circumstances:

"(a) The first prosecution resulted in a conviction or an acquittal as defined in section 18-1-301(1)(a) and (1)(c), and the subsequent prosecution is based on the *same conduct*, unless:

"(I) The offense for which the defendant was formerly convicted or acquitted requires proof of a fact not required by the offense for which he is subsequently prosecuted and the law defining each of the offenses is intended to prevent a substantially different harm or evil; or

"(II) The second offense was not consummated when the former trial began.

"(b) The former prosecution was terminated by an acquittal or by a final order or judgment for the defendant that has not been set aside, reversed, or vacated and that necessarily required a determination inconsistent with a fact that must be established for conviction of the offense for which the defendant is subsequently prosecuted." (Emphasis added.)

The prosecution of the defendant for the felonies in question was not based on the "same conduct" as the prosecution for violation of the municipal ordinances. Two different victims were involved, and two separate crimes occurred. *See Johnson v. People*, 152 Colo. 586, 384 P.2d 454 (1963);

*Seiwald v. People*, 66 Colo. 332, 182 P. 20 (1919).

■   The court below ruled that federal and state constitutional provisions against twice putting a person in jeopardy bar the prosecution of the felony assault charge in this case. The plea of *autrefois convict* is "unavailing unless the charge to which it is interposed is precisely the same in law and in fact as the former one relied on under the plea, and . . . the test as to the identity of the offenses is whether the same evidence is required to sustain each." *Johnson v. People, supra*; *Curtis v. United States*, 67 F.2d 943 (10th Cir. 1933); *see also Martinez v. People*, 174 Colo. 365, 484 P.2d 792 (1971); *Seiwald v. People, supra*.

■   Applying the foregoing principle to the instant case, we find it evident that the assault against Fullen and the alleged assault against Medina are not "precisely the same in law and in fact," but are "separate and distinct crimes, even though a part of one continuing criminal transaction." *Johnson v. People, supra*. Because the second prosecution is based upon a different act, *Waller v. Florida*, 397 U.S. 387, 90 S.Ct. 1184, 25 L.Ed.2d 435 (1970), is not applicable. In *Waller*, charges of breach of the peace and destroying city property were filed against the defendant in the municipal court for removing a canvas mural from city hall. Felony grand larceny charges were also filed against the defendant for taking the mural. The defendant was convicted of the municipal ordinance violations. The United States Supreme Court held that the felony grand larceny charge was *based upon the same acts* and constituted double jeopardy. In this case, an entirely separate act is the subject of the second prosecution, and *Waller v. Florida* is not controlling.

In *Ashe v. Swenson*, 397 U.S. 436, 90 S.Ct. 1189, 25 L.Ed.2d 469 (1970), Mr. Justice Brennan, in a concurring opinion, urged that the "same evidence" test, which we approve herein, should be replaced by a "same transaction" or "same episode" test. *Ashe* involved a robbery, perpetrated by three or more persons, against six men who were playing poker. The defendant, Ashe, was tried and acquitted of the robbery of one of the poker players. Subsequently, he was convicted of robbing one of the other poker players. A divided Supreme Court reversed on the basis of collateral estoppel, but a majority of the Court has tacitly approved the "same evidence" test. *See Martinez v. People, supra*. Based upon the "same evidence" test, two different crimes were perpetrated in Joe's Cave Bar on March 22, 1975. The defendant's prior convictions for the municipal offenses do not bar a subsequent prosecution on the felony assault charge.

■   Moreover, double jeopardy does not bar prosecution on the burglary charge in the district court. The municipal offenses of "disturbance" and "assault" do not constitute the same offense as the "burglary" charge. We held in *People v. Bugarin*, 181 Colo. 62, 507 P.2d 875 (1973), that Colorado has followed the interpretation of the federal double

jeopardy provision set forth in *Blockburger v. United States*, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932), and *Gore v. United States*, 357 U.S. 386, 78 S.Ct. 1280, 2 L.Ed.2d 1405 (1958).

"Briefly stated, the rule is that a single act may be an offense against two statutes; and if each statute requires proof of an additional fact which the other does not, an acquittal or conviction under either statute does not exempt the defendant from prosecution and punishment under the other." *People v. Bugarin, supra.*

The offense of "burglary" requires proof of facts not necessary to sustain either of the two municipal ordinance violations. Therefore, prosecution for the burglary charge does not violate the constitutional prohibition against double jeopardy for the same offense. *People v. Bugarin, supra;* *see also People v. Smith*, 182 Colo. 228, 512 P.2d 269 (1973); *Martinez v. People, supra.*

■ The question of joinder of all offenses arising out of this criminal episode is related to, but independent of the double jeopardy rule. Crim. P. 8(a) provides:

"*Joinder of Offenses*. If several offenses are known to the prosecuting attorney at the time of commencing the prosecution and were committed within his judicial district, *all such offenses upon which the prosecuting attorney elects to proceed* must be prosecuted by separate counts in a single prosecution if they are based on the same act or series of acts arising from the same criminal episode. Any such offense not thus joined by separate count cannot thereafter be the basis of a subsequent prosecution." (Emphasis added.)

*See also* section 18-1-408(2), C.R.S. 1973. In this case, the district attorney, who may have been aware of the assault against victim Fullen, elected not to proceed in the prosecution of the offense which led to charges for the violation of municipal ordinances. Instead, the district attorney elected to proceed and to prosecute for the offenses related to Medina and the burglary of the premises.

Apart from the question of double jeopardy, Crim. P. 8 would obviously foreclose the district attorney from prosecuting any offense arising out of the assault committed upon Fullen. A brief hypothetical factual situation may clarify the rule: If a person enters a bar and strikes one patron with his fist, and then shoots another, the district attorney may choose to ignore the less serious offense and prosecute the offense arising out of the shooting. A municipal attorney may choose to prosecute the less serious offense. *See People v. Pinyan,* 190 Colo. 304, 546 P.2d 488 (1976). The district attorney, having declined to join that offense in a separate count, would be foreclosed from raising it in a subsequent prosecution. In the present case, the district attorney made his election and may proceed only on the burglary charge and the assault charge involving Medina.

■ Moreover, the district attorney's right to proceed in this prosecution is not restricted by the fact that no responsive pleading has been filed by the defendant in this appeal. Section 16-12-102, C.R.S. 1973. The latter section authorizes the prosecution to "appeal any decision of the trial court in a criminal case upon any question of law." The statute further directs that "[n]othing in this section shall authorize placing the defendant in jeopardy a second time for the same offense." *See generally, Krutka v. Spinuzzi*, 153 Colo. 115, 384 P.2d 928 (1963).

Having determined that the double jeopardy provisions of the United States and Colorado Constitutions are not a bar to the prosecution of the felony charges in issue, we hold that section 16-12-102, C.R.S. 1973, affords no further impediment to the filing of those charges. The decision of the district attorney to file criminal charges in the first instance is not an adversary matter, but is based on prosecutorial discretion. We merely rule that double jeopardy is no bar to the prosecution of the burglary and assault charges here in issue.

Accordingly, the trial court's ruling is reversed with directions that the felony assault and burglary charges be reinstated against the defendant in the district court.

MR. CHIEF JUSTICE PRINGLE and MR. JUSTICE GROVES do not participate.