## No. 26585

### The People of the State of Colorado v. Warren Gilbert Wieckert

(554 P.2d 688)

Decided September 7, 1976. Rehearing denied October 12, 1976.

John P. Moore, Attorney General, James S. Russell, Assistant, for plaintiff-appellee.

Levine, Pitler & Westerfeld, P.C., Robert L. Pitler, for defendant-appellant.

*En Banc.*

MR. JUSTICE ERICKSON delivered the opinion of the Court.

The defendant, Warrén Gilbert Wieckert, was convicted by a jury of two counts of menacing, 1971 Perm. Supp., C.R.S. 1963, 40-3-206,[1] and two counts of reckless endangerment, 1971 Perm. Supp., C.R.S. 1963, 40-3-208.[2] He asserts three basic grounds for reversal: (1) he contends that the trial court erred in refusing to suppress evidence obtained during a warrantless search; (2) he asserts that evidence obtained in a later search pursuant to a warrant was inadmissible because of defects in the affidavit supporting the warrant; and (3) he claims that the verdicts were inconsistent.

Early in the morning of March 14, 1974, the defendant, in an intoxicated condition, had a violent quarrel with his wife. During the course of the argument, he threatened to shoot his wife and their thirteen-year-old daughter. Mrs. Wieckert and the daughter fled from their house and sought refuge at a neighbor's house across the street. The neighbor called the police, who arrived and parked between the two residences.

As Mrs. Wieckert and her daughter talked with officers in the vicinity of the patrol cars, the defendant appeared at the corner of his house, armed with a pistol. An officer shined his flashlight at the defendant. The defendant responded by firing several shots toward the group. Several officers then returned fire, and the defendant retreated into his house. After prolonged negotiations, the defendant surrendered to the police. Shortly thereafter, the police conducted a warrantless search of the Wieckert house. According to police testimony, Mrs. Wieckert had agreed to allow the police to search for weapons which she believed her husband kept in the residence. In the suppression hearing, she denied giving consent to the search. Later in the morning, the police returned and conducted a search pursuant to a warrant.

---

[1] Now section 18-3-206, C.R.S. 1973.
[2] Now section 18-3-208, C.R.S. 1973.

## I.
## The Consent Search

The defendant contends that the trial court should have granted his motion to suppress the evidence that was seized without a search warrant. Contrary to the trial court's findings at the suppression hearing, the defendant alleges that the evidence was insufficient to support the conclusion that his wife voluntarily consented to the police officers' initial search of the premises.

 The burden rests upon the prosecution to prove that the consent to search was freely and intelligently given. *People v. Neyra*, 189 Colo. 367, 540 P.2d 1077 (1975); *People v. Hancock*, 186 Colo. 30, 525 P.2d 435 (1974); *People v. Railey*, 178 Colo. 297, 496 P.2d 1047 (1972). The defendant apparently concedes that another person possessing common authority over the premises may consent to a search of those premises, *see United States v. Matlock*, 415 U.S. 164, 94 S.Ct. 988, 39 L.Ed.2d 242 (1974); *People v. Hancock, supra*, but alleges that in this case the consent was not voluntary nor given with full knowledge of the right to withhold consent. *Phillips v. People*, 170 Colo. 520, 462 P.2d 594 (1969); *Colo. Const.* Art. II, Sec. 7. *Compare Schneckloth v. Bustamonte*, 412 U.S. 218, 93 S.Ct. 2041, 36 L.Ed.2d 854 (1973).

 Whether the consent given in any particular case is voluntary is a question "to be determined by the court in light of the totality of the circumstances surrounding the consent." *People v. Hancock, supra*; *Capps v. People*, 162 Colo. 323, 426 P.2d 189 (1967). The evidence supports the court's finding in this instance that Mrs. Wieckert freely and voluntarily consented to the search of her premises. Mrs. Wieckert was informed by the police that they would not conduct the search if she did not want them to, and she responded that she wanted all of the guns out of her house. Mrs. Wieckert further evidenced her consent by assisting the police officers in their efforts to locate a revolver in the garage and by offering them coffee while they searched her house.

Mrs. Wieckert denied these facts during the hearing, but the trial court apparently chose to believe the testimony of the police officers. The trial court found that Mrs. Wickert freely and voluntarily consented to the search. The evidence supported these findings. Accordingly, we affirm the trial court. *Massey v. People*, 179 Colo. 167, 498 P. 2d 953 (1972); *People v. Reyes*, 174 Colo. 377, 483 P.2d 1342 (1971).

## II.
## The Search Warrant

Defendant further alleges that the affidavit underlying the search warrant was defective because it was based upon hearsay and certain misstatements of facts. We note that the police officer's affidavit does not affirmatively disclose whether the source of the information contained therein is the affiant's personal knowledge or hearsay information

obtained from the fellow officers named in the affidavit. We agree with the defendant that the affiant did not fully describe in the affidavit all of the facts discovered in the initial search.

■ As to both claims, however, we are convinced that the errors, if any, were harmless and did not prejudice the rights of the defendant. The evidence which was discovered in the warrant search and thereafter introduced at trial was merely cumulative of other overwhelming and competent evidence of the defendant's guilt. Therefore, the constitutionality of the search need not be determined. *See, e.g., Harrington v. California,* 395 U.S. 250, 89 S.Ct. 1726, 23 L.Ed.2d 284 (1969); *People v. Thomas,* 189 Colo. 490, 542 P.2d 387 (1975); *People v. Jones,* 184 Colo. 96, 518 P.2d 819 (1974).

## III.
### Consistency of Verdicts

Defendant's third argument is that the evidence shows only one criminal act on his part. He fired four shots in the direction of the patrol car where several officers and the defendant's wife and daughter were standing. Therefore, he claims that he cannot be found guilty of four counts and the violation of two specific criminal statutes. This argument has two facets: Does each "victim" create a separate offense, and did the defendant's activities constitute only a single criminal transaction entailing only a single criminal offense?

■ A defendant who commits an act of violence with the intent to place more than one person in fear of serious bodily injury or who recklessly creates a substantial risk of bodily injury to more than one person may be found guilty of multiple offenses under the same criminal statute. 18-1-408(2), C.R.S. 1973. *See, e.g., People v. Mendoza,* 190 Colo. 519, 549 P.2d 766; *Neal v. State,* 55 Cal.2d 11, 357 P.2d 839, 9 Cal. Rptr. 607 (1960). Moreover, this court has adhered to the traditional test for defining whether the same act or transaction constitutes multiple distinct crimes:

"[T]he test to be applied to determine whether there are two offenses or only one is whether each provision requires proof of a fact which the other does not."

*Blockburger v. United States,* 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932). *See People v. Sharpe,* 183 Colo. 64, 514 P.2d 1138 (1973); *DeBose v. People,* 175 Colo. 356, 488 P.2d 69 (1971); *People v. McKenzie,* 169 Colo. 521, 458 P.2d 232 (1969). *See also* 1971 Perm. Supp., C.R.S. 1963, 40-1-508.[3] The difference in the elements required for conviction of each of the crimes is obvious upon reading the statutes.

---

[3]Now section 18-1-408, C.R.S. 1973.

Moreover, the court sentenced the defendant to concurrent sentences for the menacing convictions and suspended the concurrent sentences under the reckless endangerment convictions. *See People v. Duran*, 183 Colo. 180, 515 P.2d 1117 (1973); *DeBose v. People, supra.* We, therefore, find the defendant's argument of prejudice in the verdicts to be without merit. *People v. Brown*, 185 Colo. 272, 523 P.2d 986 (1974); *Clews v. People*, 151 Colo. 219, 377 P.2d 125 (1962).

We have reviewed the defendant's remaining arguments and find them to be without merit.

Accordingly, the judgment is affirmed.

MR. JUSTICE GROVES concurs in parts I and II, and dissents as to part III.

MR. JUSTICE GROVES dissenting in part:

I respectfully dissent to part III.

The majority opinion states:

"A defendant who commits an act of violence with the intent to place more than one person in fear of serious bodily injury or who recklessly creates a substantial risk of bodily injury to more than one person may be found guilty of multiple offenses under the same criminal statute."

To me this means that, if a person fires at a group without causing injury, he commits that number of offenses which are equal to the number of persons in the group. To this I cannot subscribe.