## No. C-1158

## John Arthur Villafranca v. The People of the State of Colorado

(573 P.2d 540)

Decided January 16, 1978.

Rollie R. Rogers, State Public Defender, James F. Dumas, Jr., Chief Deputy, Thomas M. Van Cleave III, Deputy, for petitioner.

J. D. MacFarlane, Attorney General, Jean E. Dubofsky, Deputy, Edward G. Donovan, Solicitor General, David K. Rees, Assistant, for respondent.

*En Banc.*

MR. JUSTICE LEE delivered the opinion of the Court.

Petitioner John Arthur Villafranca was convicted by a jury in Larimer County District Court of aggravated robbery and of conspiracy to commit robbery.[1] He was sentenced to concurrent indeterminate terms not to exceed five years. We affirm the aggravated robbery conviction, but reverse the conviction for conspiracy.

The People's evidence showed that on November 14, 1974, at approximately 2:45 a.m., a 7-Eleven store, located at the corner of Lemay and Elizabeth in Fort Collins, was robbed by a young man. During the course of the robbery, the robber warned the clerk that a man outside the store would shoot anyone who followed him. The store clerk positively identified petitioner as the robber. Two other witnesses testified that at approximately 3:00 a.m. they saw a young man run down Elizabeth Street and then disappear into a lot. Shortly thereafter, a station wagon pulled into

---

[1] 1971 Perm. Supp., C.R.S. 1963, 40-4-302 and 40-2-201, now sections 18-4-302 and 18-2-201, C.R.S. 1973.

an apartment parking area. The two witnesses were unable to clearly see or identify the driver of the station wagon. A few minutes later, the young man reappeared and entered the station wagon, which then drove off. Neither witness could identify the petitioner as the young man they had seen running down the street. They did agree that petitioner's physical characteristics were similar to those of the young man they had seen.

Officer Reed of the Fort Collins police department testified that approximately five months after the robbery, on April 11, 1975, he interrogated Herbert Eala, the alleged coconspirator. Over a timely hearsay objection, Officer Reed was permitted to testify that Eala told him that he had driven the station wagon that was used in the robbery. The People did not call Herbert Eala to testify.

Petitioner presented no evidence in defense of the charges against him.

The court of appeals affirmed both convictions in *People v. Villafranca*, announced November 18, 1976 (No. 75-814, Not Selected for Official Publication). Relying upon a line of cases decided by this court, the court of appeals held: "Since the [concurrent] sentence imposed on the conspiracy conviction did not exceed that for robbery, defendant was not prejudiced by any error which might have been committed by the trial court with regard to the conspiracy charge."

Petitioner seeks reversal of both the robbery and conspiracy convictions. We find it unnecessary to discuss in detail the evidence supporting the robbery verdict other than to state that the record contains ample, direct, competent evidence, independent of any evidence relating to the alleged conspiracy, to sustain the jury's verdict of guilt on the robbery count.

I.

The People confess that error occurred in permitting Officer Reed to testify to what Herbert Eala, the alleged coconspirator, said to him on April 11, 1975. We agree.

To be admissible under the coconspirator exception to the hearsay rule, the coconspirator's out-of-court statement must be made during the course and in furtherance of the conspiracy. *People v. Braly*, 187 Colo. 324, 532 P.2d 325; *People v. Schlepp*, 184 Colo. 28, 518 P.2d 824. Not every conspiracy continues beyond the time of the occurrence of the crime that is the object of the conspiracy. There must be some specific evidence of a plan or agreement of concealment to demonstrate the pendency of the conspiracy at the time that the statements are made. *People v. Burke*, 37 Colo. App. 289, 549 P.2d 419. Since there was no such evidence introduced in this case to show that this conspiracy was continuing and operative five months after the commission of the substantive crime, the admission of Eala's statements under the coconspirator hearsay exception was clearly erroneous and requires that the conspiracy

conviction be reversed.

■ We cannot agree that the hearsay evidence was merely cumulative or that there was overwhelming independent evidence of guilt on this charge. *Cf. People v. Knapp,* 180 Colo. 280, 505 P.2d 7; *Kurtz v. People,* 177 Colo. 306, 494 P.2d 97; Crim. P. 52(a). The only other evidence of a conspiracy was: (1) the grocery clerk's testimony that petitioner said that a man outside would shoot anyone who followed him; and (2) the testimony of the two witnesses, who at a later time saw a man whom they could not identify as the petitioner — whose physical characteristics were "similar" to those of petitioner — enter a car driven by someone else. Because of the weakness of this independent evidence of a conspiracy, the weight of the improper hearsay testimony may well have substantially persuaded the jury to bring in its verdict of guilt on the conspiracy count. Thus, the conspiracy conviction must be reversed.

II.

■ The People argue that even if it was error to convict the petitioner of conspiracy to commit robbery, this error is harmless because the conspiracy sentence runs concurrently with the sentence for aggravated robbery. Nonetheless, we hold that the erroneous conspiracy conviction must be reversed regardless of the fact that concurrent sentences were imposed for the conspiracy and for the underlying substantive crime.

This holding is contrary to and necessarily overrules a line of Colorado cases which holds that there is no prejudice to the defendant by an erroneous conspiracy conviction when the sentence imposed is concurrent with the sentence imposed for conviction of the substantive crime. *See People v. Wieckert,* 191 Colo. 511, 554 P.2d 688; *People v. Morgan,* 189 Colo. 256, 539 P.2d 130; *People v. Brown,* 185 Colo. 272, 523 P.2d 986; *Gallegos v. People,* 139 Colo. 166, 337 P.2d 961.

We have reexamined our position and our present view is that these cases failed to sufficiently recognize the significance of the many collateral consequences of a felony conviction over and beyond that of the sentence imposed. The examples are numerous. Significant among them are the consequences of multiple felony convictions when habitual or repeat offender statutes are applied. Greatly enhanced punishment may be imposed, depending upon the number of prior felony convictions.[2] Eligibility for probation may be eliminated by an erroneous second felony conviction.

---

[2]We recognize that many states, such as Colorado, require that previous felony convictions for habitual offender purposes be separately brought and tried or be separately committed. *E.g.,* section 16-13-101, C.R.S. 1973 (1976 Supp.). Indeed, the pertinent American Bar Association Standards recommend that: "The offender has previously been convicted of two felonies committed on different occasions, and the present offense is a third felony committed on an occasion different from the first two." *ABA, Standards Relating to Sentencing Alternatives and Procedures* §3.3(b)(i) at 161 (emphasis added). Nonetheless, a number of state habitual offender statutes do not require that the felonies be separately committed. *E.g., S. D. Compiled Laws Ann.* § 22-7-1.

Section 16-11-201(2), C.R.S. 1973. Parole consequences may likewise be affected. Section 17-1-201 *et seq.*, C.R.S. 1973. Employment opportunities for persons who have served their sentences may be diminished. There are many other intangibles, such as social opprobrium, that accompany every felony conviction.

Moreover, this court has consistently reversed erroneous convictions for offenses other than conspiracy despite the imposition of a sentence concurrent with that imposed for another crime. *E.g., People v. Diaz*, 182 Colo. 369, 513 P.2d 444; *Santistevan v. People*, 177 Colo. 329, 494 P.2d 75. There appears to be no valid reason to treat conspiracy convictions differently from any other type of conviction. The crime of conspiracy and the substantive crime which is the object of the conspiracy are different and distinct offenses. *People v. Grass*, 180 Colo. 346, 505 P.2d 1301; *DeBose v. People*, 175 Colo. 356, 488 P.2d 69; *Goddard v. People*, 172 Colo. 498, 474 P.2d 210; *Pooley v. People*, 164 Colo. 484, 436 P.2d 118. We hold that an erroneous conviction for one offense should not be left standing merely because the sentence imposed is concurrent with that imposed for another offense arising out of the same transaction.

The judgment of the court of appeals upholding the conviction of aggravated robbery is affirmed. The judgment upholding the conviction of conspiracy is reversed and the case is returned to the court of appeals with directions to remand the cause to the district court for further proceedings not inconsistent with the views here expressed.

MR. JUSTICE KELLEY dissents as to part II.