**STATE of Utah, Plaintiff and Respondent,**

v.

**Samuel JAMES, Defendant and Appellant.**

**No. 17327.**

Supreme Court of Utah.

May 19, 1981.

---

1. Cf. *Ravarino v. Price*, 123 Utah 559, 260 P.2d 570 (1953); *McKinnon v. Corporation of the* *President*, Utah, 529 P.2d 434 (1974).

Loren D. Martin, Salt Lake City, for defendant and appellant.

David L. Wilkinson, Michael D. Smith, Salt Lake City, for plaintiff and respondent.

HALL, Justice:

Defendant and another held five customers hostage overnight after being confronted by police during the commission of an armed robbery of a drugstore located in Layton, Utah.

Defendant was charged and convicted by a jury of aggravated robbery[1] and five counts of aggravated kidnapping.[2] He appeals only the kidnapping convictions, contending that his actions constituted a single criminal act, hence his constitutional right not to be twice placed in jeopardy for the same offense was violated.[3] We deem his contention to be without merit.

Defendant's characterization of his crime as a "single criminal action taken against five persons as a group" is simply not accurate. Accurately stated, the five kidnappings constituted separate offenses arising out of a single criminal episode, and the law specifically provides that the defendant may be prosecuted in a single criminal action for all separate offenses arising out of a single criminal episode.[4]

A fundamental purpose of the criminal law is to protect individual citizens from the criminal conduct of another.[5] In crimes against the person (as contrasted with crimes against property), a single criminal act or episode may constitute as many offenses as there are victims.[6] This principle has been explained as follows:

A defendant who commits an act of violence with the intent to harm more than one person or by a means likely to cause harm to several persons is more culpable than a defendant who harms only one person. For example, a defendant who chooses a means of murder that places a planeload of passengers in danger, or results in injury to many persons, is properly subject to greater punishment than a defendant who chooses a means that harms only a single person. This distinction between an act of violence against the person that violates more than one statute and such an act that harms more than one person is well settled.[7]

That this general proposition is to apply to cases of aggravated kidnapping is made abundantly clear by the statute itself,[8] which speaks in terms of the *singular vic-*

---

1. In violation of U.C.A., 1953, 76–6–302.

2. In violation of U.C.A., 1953, 76–5–302.

3. As provided in Article I, Section 12, Constitution of Utah; also in Amendment V, Constitution of the United States.

4. U.C.A., 1953, 76–1–402(1).

5. See Handbook on Criminal Law, LaFave and Scott (1972), pp. 9, 21.

6. *Goodman v. State*, Wyo., 601 P.2d 178 (1979), citing *Vigil v. State*, Wyo., 563 P.2d 1344

(1977), which contains an excellent summary of the cases. See also, *State v. Standrod*, Utah, 547 P.2d 215 (1976); *State v. Gilbert*, 281 Or. 101, 574 P.2d 313 (1978); *People v. Wieckert*, 191 Colo. 511, 554 P.2d 688 (1976).

7. *Neal v. State*, 55 Cal.2d 11, 20, 9 Cal.Rptr. 607, 612, 357 P.2d 839, 844 (1960), cert. den. 365 U.S. 823, 81 S.Ct. 708, 5 L.Ed.2d 700 (1961).

8. *Supra*, footnote 2.

*tim.* Defendant in the instant case therefore committed an offense against each of his hostages. Consequently, double jeopardy provisions do not apply.

In *North Carolina v. Pearce*,[9] the United States Supreme Court noted that the three protections afforded by the double jeopardy clause are as follows:

> It protects against a second prosecution for the same offense after acquittal. It protects against a second prosecution for the same offense after conviction. And *it protects against multiple punishments for the same offense*.[10] [Emphasis added; citations omitted.]

Double jeopardy therefore does not prevent multiple convictions for multiple offenses arising from a single criminal episode.[11] Likewise, offenses committed against multiple victims are not the same, for double jeopardy purposes even though they may arise from the same criminal episode.[12]

Affirmed.

MAUGHAN, C. J., and STEWART, HOWE and OAKS, JJ., concur.

**9.** 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969).

**10.** *Id.* at p. 717, 89 S.Ct. at p. 2076.

**11.** *State v. Eichler*, Utah, 584 P.2d 861 (1978).

**12.** *Clay v. State*, Okl.Cr., 593 P.2d 509 (1979).