The **PEOPLE** of the State of Colorado, Plaintiff-Appellee,

v.

Christopher Sheldon **CRESPIN**, Defendant-Appellant.

No. 82CA1023.

Colorado Court of Appeals,
Div. III.

Jan. 26, 1984.

Rehearing Denied Feb. 23, 1984.

Certiorari Granted June 11, 1984.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Virginia Byrnes, Asst. Atty. Gen., Denver, for plaintiff-appellee.

David F. Vela, State Public Defender, Thomas Van Cleave III, Deputy State Public Defender, Denver, for defendant-appellant.

STERNBERG, Judge.

Based upon allegations that he had caused victim's death during an attempt to commit sexual assault or robbery, defendant was charged with murder on five alternative theories, including extreme indifference murder. He was convicted of first degree murder by a general jury verdict, and that conviction was upheld by this court in *People v. Crespin,* 631 P.2d 1144 (Colo.App.1981) (cert. denied 6/22/81).

After this court's opinion was issued, the Supreme Court ruled in *People v. Marcy,* 628 P.2d 69 (Colo.1981), and in *People v. Lee,* 630 P.2d 583 (Colo.1981), that the statute defining the crime of extreme indifference murder was unconstitutional. The defendant filed a Crim.P. 35(c) motion predicated on *Marcy* and *Lee,* arguing that, in light of its general verdict, the jury could have found him guilty of first degree murder based on application of the unconstitutional statute relating to extreme indifference murder, and that, therefore, the conviction must be reversed. We affirm the trial court's denial of the Crim.P. 35 motion.

In urging that we uphold the conviction, the People advance several theories. First, they point out that at trial the prosecutor requested that the jury be given interrogatory forms of verdict which would have disclosed the basis for the verdict. They assert that the defendant objected to these forms of verdict and therefore conclude that a rule akin to the invited error doctrine must be applied.

The doctrine of invited error provides that when the court acquiesces in a course of conduct urged by the defendant,

the defendant is estopped on appeal from raising as error *that* conduct or *its* result. *See People v. Shackelford*, 182 Colo. 48, 511 P.2d 19 (1973). As the trial court recognized, that is not the situation here. Defendant's objection to the submission of a special verdict form did not give rise to error. *See People v. Taggart*, 621 P.2d 1375 (Colo.1981). Although it is related to his request for reversal, the basis of the error was made apparent only by events occurring subsequent to trial.

The effect of defendant's objection to the special verdict form was not to inject error into the proceedings, rather it resulted in foreclosing a means of determining whether the error now raised was harmless. *Cf. People v. Jones*, 665 P.2d 127 (Colo.App. 1982). Inasmuch as defendant's conduct did not induce error by the trial court, we decline to extend the estoppel concepts of the invited error doctrine to the circumstances here.

■ At the Crim.P. 35(c) hearing the People called two of the jurors who testified that the jury did not consider extreme indifference murder as a factor in arriving at its verdict. Based on that testimony, the trial court denied the motion. The People assert that this testimony was properly received and that it precludes reversal of the conviction. The defendant contends, and we agree, that the long-standing rule in Colorado, as most recently codified in CRE 606(b), bars testimony of a juror "concerning his mental processes ...." Thus, it was improper to receive the·testimony of the two jurors, and such testimony does not serve as a basis for denial of defendant's motion.

■ Nor is there merit to the People's contention that the defendant lacked standing to attack his conviction under a Crim.P. 35(c) motion. In our view that is precisely the vehicle provided for procuring post conviction relief in a situation such as this.

■ In light of the holding in *Marcy* and *Lee, supra*, it is now apparent that the trial court should not have instructed the jury to consider the extreme indifference theory of first degree murder. However, we hold

that this is a case for application of the doctrine which excuses even errors of constitutional magnitude if the appellate court determines such error to be "harmless beyond a reasonable doubt." *Chapman v. California*, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967). *See also People v. Wieckert*, 191 Colo. 511, 554 P.2d 688 (1976); *People v. Akins*, 36 Colo.App. 337, 541 P.2d 338 (1975); Crim.P. 52(a).

The record in this case, as summarized in the earlier opinion of this court, reveals negligible evidentiary support for the applicability of the extreme indifference murder statute. The only possible evidentiary basis for application of the extreme indifference theory would require the jury to find that after strangling the victim, defendant fled the scene while the victim was not quite dead instead of remaining there and attempting to revive her. For the jury to have accepted this tenuous hypothesis, which was never argued, would have required it to ignore the overwhelming evidence of felony murder, predicated as it was on murder in the course of committing or attempting to commit robbery, first degree sexual assault, and second degree sexual assault. Indeed, the case was treated by defendant at trial and on appeal as concerning felony murder. Consequently, we conclude that the submission to the jury of the extreme indifference theory of first degree murder was harmless beyond a reasonable doubt.

The judgment is affirmed.

VAN CISE, J., concurs.

METZGER, J., dissents.

METZGER, Judge, dissenting.

I respectfully dissent only as to the majority's conclusion that the jury instruction was harmless error beyond a reasonable doubt. The majority states that the record "reveals negligible evidentiary support" for the applicability of the extreme indifference instruction. However, the record also reveals that the trial court denied defendant's motion for judgment of acquittal prior to submission of the case to the jury. By that ruling, the trial court determined

that the evidence on the extreme indifference charge was more than negligible.

The record shows that the events which occurred here were especially heinous, and I am as offended by those events as the majority. Nevertheless, the general verdict of guilty is insufficient as a matter of law by virtue of our Supreme Court's clear pronouncements in *People v. Marcy*, 628 P.2d 69 (Colo.1981), and *People v. Lee*, 630 P.2d 583 (Colo.1981). Hence, I would reverse defendant's conviction and remand the cause for a new trial. To do otherwise would be to invade the province of this jury.