25 F.3d 1059
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Donald Eric WIMER, Defendant-Appellant.
 No. 94-1004.
 United States Court of Appeals, Tenth Circuit.
 June 3, 1994.
 
 Before MOORE, ANDERSON, and KELLY, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.[2]
 
 
 2
 Donald E. Wimer appeals the denial of a motion for post-conviction relief under 28 U.S.C. 2255. He contends that he was denied effective assistance of counsel because his counsel failed to object to his presentence report and failed to appeal his sentence, and consequently he was incorrectly sentenced as a "career offender" under section 4B1.1 of the United States Sentencing Guidelines. We affirm.
 
 
 3
 Wimer pleaded guilty to bank robbery in violation of 18 U.S.C. 2113(a) and was sentenced as a "career offender" under U.S.S.G. 4B1.1, which provides:
 
 
 4
 A defendant is a career offender if (1) the defendant was at least 18 years old at the time of the instant offense, (2) the instant offense of conviction is a felony that is ... a crime of violence ... and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.
 
 
 5
 Wimer concedes that he meets the first two requirements. He further concedes that his 1976 second-degree murder conviction in California counts as one prior crime of violence under section 4B1.1. He challenges, however, the applicability of the two other prior crimes of violence listed in his presentence report: (1) first-degree assault in Sedgwick County, Colorado, and (2) first-degree assault in Weld County, Colorado, both of which arose from a series of events on March 24, 1976. See Appellant's Br.App. "J" at 4.
 
 
 6
 At sentencing, appointed counsel for Wimer, Virginia Grady, stated that she had reviewed the presentence report with him and they had no objections to it. R. Vol. I, Tab 4, Ex. A at 4. The district court sentenced Wimer to 120 months in prison, departing downward from the 168-month minimum prescribed in the presentence report.[3] Neither Wimer nor the government appealed the sentence.
 
 
 7
 Wimer's failure to appeal his sentence would generally preclude him from challenging it under 2255 unless he could show cause for his default and resulting prejudice, or a fundamental miscarriage of justice. United States v. Allen, 16 F.3d 377, 378 (10th Cir.1994). Wimer, however, alleges that his counsel was ineffective in failing to object to and appeal his sentence. His claim of ineffectiveness is appropriately brought under 2255, see Beaulieu v. United States, 930 F.2d 805, 806 (10th Cir.1991), and if established it would excuse any procedural default.
 
 
 8
 To establish a Sixth Amendment violation based on ineffective assistance of counsel, Wimer must show that his counsel's performance was deficient and that he was prejudiced by the alleged deficiency. Strickland v. Washington, 466 U.S. 668, 687 (1984); see also Lockhart v. Fretwell, 113 S.Ct. 838, 842-43 (1993). Wimer's allegations of deficient performance and prejudice are meritless if he was correctly sentenced as a career offender. We conclude that he was.
 
 
 9
 As Wimer repeatedly states, his Sedgwick County conviction was reversed by the Colorado Court of Appeals because of a violation of his speedy trial right. See R. Vol. I, Tab 1, Ex. A. Consequently, that conviction cannot count for career offender purposes. U.S.S.G. 4A1.2, comment. (n.6); U.S.S.G. 4B1.1, comment. (n.4). The presentence report said nothing of the reversal, but this oversight was harmless because Wimer's Weld County conviction counts as his second prior crime of violence under section 4B1.1.[4]
 
 
 10
 Wimer contends that because his Weld County and Sedgwick County convictions were designated as "related cases" in the presentence report, and therefore counted as only one conviction in assigning criminal history points, the reversal of the latter conviction precludes the use of the former to enhance his sentence under the doctrine of "double jeopardy." This argument is meritless. The record clearly shows that his convictions in Weld County and Sedgwick County were not for the "same offense." The respective charging papers for these offenses and the presentence report state that on March 24, 1976, Wimer and two other men assaulted C.L. Barker, a police officer, as they fled a store in Morgan County (the Morgan County charges were later transferred to Sedgwick County), and in the course of fleeing from police in their vehicle they assaulted Deputy Santiago Perez in Weld County, some thirty miles away from the start of the chase. Appellant's Br.App. "A","B","K". Under Colorado law, crimes are separate for double jeopardy purposes when they involve different places, different times, and different victims, even if they occurred during one continuous criminal transaction. See People v. Mendoza, 549 P.2d 766, 768 (Colo.1976) (en banc); Johnson v. People, 384 P.2d 454, 457 (Colo.1963), cert. denied, 376 U.S. 922 (1964) (en banc).
 
 
 11
 In sum, Wimer has failed to show that he would have been sentenced differently had his counsel objected to and appealed his classification as a "career offender" under the Sentencing Guidelines. Although neither the presentence report nor the district court's findings in dismissing this petition made clear that Wimer's Sedgwick County conviction had been reversed and could not be used in calculating his criminal history, his classification as a "career offender" was amply supported in the report, satisfying the requirements of Fed.R.Crim.P. 32(c), and his sentence was correctly determined.
 
 
 12
 The order of the district court dismissing the motion to vacate, set aside, or correct the sentence is AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 We have received and considered appellant's letter and attachments filed with this court on May 31, 1994. They do not affect our disposition
 
 
 [3]
 Wimer's classification as a "career offender" raised his criminal history category from IV to VI, his base offense level from 23 to 30, and his corresponding sentencing range from 70-87 months to 168-210 months. Wimer was sentenced on May 30, 1991, so the guidelines manual in effect was the United States Sentencing Commission, Guidelines Manual (Nov.1990)
 
 
 [4]
 We supplemented the record with the Weld County judgment of conviction against Wimer in case number 76-9802 (first-degree assault) and the Weld County docket sheet for that case, which shows that the conviction was appealed from and collaterally attacked several times, with the end result being that his conviction was affirmed but his original sentence of thirty to forty years was vacated and he was resentenced to a term of five years to six years and ten months